(No. 2324.    March 5, 1920.)

# MORRILL v. JONES.

### SYLLABUS BY THE COURT.

1. Where the purchaser of a note testifies in chief that he purchased it in good faith without notice of any defects and for full value, it is competent for the maker of the note on cross-examination to go fully into the relations existing between the payee and such purchaser before and after purchase, for the purpose of discrediting, if possible, the good faith of the purchaser.    P. 34

2. The officers of a bank purchasing a note on behalf of the bank are interested parties, and whether their evidence sufficiently satisfied the burden resting upon the bank and made good its claim to be an innocent purchaser, fraud having been shown in the inception of the note, was for the jury, unless the evidence was such that no fair-minded person could draw any other inference therefrom.    P. 35

Appeal from District Court, Grant County; M. C. Mechem, Judge.

Action by Charles N. Morrill, Receiver of the People's Savings Bank & Trust Company, a corporation, against Clyde B. Jones. Judgment for defendant, and plaintiff appeals. Affirmed.

WILSON & WALTON and JAMES ROYALL, all of Silver City, for appellant.

C. C. ROYALL and VELLACOTT & FOWLER, all of Silver City, for appellee.

### OPINION OF THE COURT.

ROBERTS, J.   Appellant instituted this action in the court below against appellee as maker, and the Capital Savings & Investment Company as indorser of a promissory note. The note was given by appellee to the Capital Savings & Investment Company in payment of a subscription made by appellee to the capital stock of the defendant corporation. The note was executed on July 23, 1914, and on the 29th day of the same month,

by indorsement to the People's Savings Bank & Trust Company. Credit was passed to the account of the Capital Savings & Investment Company by the bank. Afterwards the bank failed, and appellee was appointed receiver. The note not having been paid, this action was instituted to recover thereon. The appellee defended upon the ground that there was fraud in the inception of the note, and that it was not taken by the holder in good faith. Appellant conceded in the court below that there was fraud in the inception of the note. Therefore: (1) The burden rested upon him to show that the bank became the holder of the note before it was overdue and without notice that it had been previously dishonored, if such was the fact; (2) that it took it in good faith for value; and (3) that at the time it was negotiated to it it had no notice of any infirmity in the note or defect in the title of the person negotiating it. Gebby v. Carrillo, 25 N. M. 120, 177 Pac. 894.

The case was submitted to the jury upon the evidence adduced, and a verdict was rendered in favor of the appellee, upon which judgment was entered, to review which this appeal is prosecuted.

Appellant contends, first, that the court committed error in permitting certain questions to be asked of R. C. Markley and W. S. Haston, president and secretary-treasurer of the banking corporation, at the time it took the note in question, on cross-examination. On direct examination appellant asked the two witnesses named as to the purchase of the note from the Capital Savings & Investment Company. The witness testified that one or the other of them purchased the note for the bank, that the Capital Savings & Investment Company was a customer of the bank, and that the payment for the note was made by passing to the account of the investment company the amount paid for the note. Each testified if the purchase was made by him that he had no notice or knowledge of any fraud in the inception of the note: that it was taken in good faith and full

value paid therefor. On cross-examination counsel for appellee sought to show the relation existing between the Capital Savings & Investment Company and the bank and the officers of each institution, both before and after the transaction in question. These questions and the answer thereto disclosed the following facts: That shorty after the purchase of the note in question, the Capital Savings & Investment Company failed; that not long after the bank likewise failed; that Markley obtained a charter for the bank by making an affidavit that 50 per cent. of the capital stock had been paid in, which was not true; that thereafter Cleveland, later president of the Capital Savings & Investment Company, was employed to sell the stock in the bank above referred to; that he sold it at 100 per cent. over its par value; that thereafter he organized the Capital Savings & Investment Company; that Markley knew he was selling stock in the corporation and taking notes therefor; that Markley agreed the bank would discount such notes; that Markley had pretended to make an investigation of the assets of the corporation, and had made certain false representations about the same; that shortly after the purchase of the note in question Cleveland and another officer in the investment company became officers in the bank. It is argued that evidence showing these facts was improperly admitted on cross-examination. We believe the cross-examination was proper.

[1] The witnesses had testified that the notes were taken in good faith for value and without notice of facts sufficient to put the purchaser upon inquiry. Any facts which could be elicited upon cross-examination which would establish the untruth of this evidence was proper.

"The object of the cross-examination is to break or weaken the force of the testimony given by the witness on his direct examination." 3 Ency. of Evi. p. 839.

"In other words, all matters that may modify, explain, contradict, rebut, or make clearer the facts testified to in chief by the witness may be gone into on cross-examination." 5 Jones on Evi. § 821.

See, also, Reese v. Bell, (Cal) 71 Pac. 87.

Morrill v. Jones, 26 N. M. 32.

If the rule were to be applied for which appellant contends, then in every similar case the purchaser of a note, testifying that the note was purchased in good faith for value and before maturity, would pass unchallenged, as it would be impossible on cross-examination to develop facts which would break down such direct evidence. Certainly in this case in considering the good faith of the transaction, it was proper for the jury to have before it the facts as to the relation of the parties before and after the purchase.

[2] The next proposition argued by appellant is that, elminating the evidence adduced on cross-examination, there was no evidence to support the verdict, and that the case here made for the appellant was much stronger than the case of Bank v. Stover, 21 N. M. 453, 155 Pac. 905, L. R. A. 1916D, 1280, Ann. Cas. 1918B, 145, but the evidence was properly admitted, as we have held; consequently the facts were stronger than in the Stover Case. This case is controlled by the case of Gebby v. Carrillo, 25 N. M. 120, 177 Pac. 894. The burden was upon the appellant to establish to the satisfaction of the jury that the bank was a bona fide purchaser of the note, and the only evidence given upon this question was that by Markley and Haston, officers of the bank who made the purchase. They were interested parties, and whether their evidence sufficiently satisfied the burden resting upon the bank, and made good its claim to be an innocent purchaser, was for the jury, unless the evidence was such that no fair-minded person could draw any other inference therefrom. This was the rule announced in the case of Gebby v. Carrillo, supra. The evidence here was not of that character.

Other questions are discussed by the appellee, but as the point decided is controlling, they will not be noticed.

For the reasons stated, the judgment will be affirmed and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.