[88 P.2d.611

**STATE v. WILCOXSON.**

No. 5028.

Supreme Court of New Mexico.

Jan. 5, 1948.

Rodey, Dickason & Sloan and Frank M. Mims, all of Albuquerque, for appellant.

C. C. McCulloh, Atty. Gen., and Wm. R. Federici and Robert V. Wollard, Asst. Attys. Gen., for appellee.

DAVID W. CARMODY, District Judge.

This is an appeal from a judgment of the District Court of Valencia County, in a cause in which the defendant was charged, and found guilty, upon an Information accusing him of maliciously and wilfully maiming neat cattle. The original Information charged that the act was committed on or about June 26, 1946. However, during the presentation of the State's case, a motion was made by the defendant to require the State to elect as to whether the crime was committed on June 26th or on June 18th. The motion was overruled at the time it was originally made, and it was subsequently renewed at the close of the State's case. At that time the Court sustained the motion to elect, and, as a result of this action, directed the State to amend its Information. The State amended the Information to charge the commission of the crime on June 18, 1946, and thereafter the case proceeded on the basis of this amendment.

The attempted proof of the crime charged was that the defendant, Wilcoxson, cut the tongue from a black bald-faced steer, the property of Ringer and Kothman. The commission of the offense was testified to by two eye witnesses, who were a distance of from three to four hundred yards away, and there was other evidence to corroborate the fact that the tongue of the steer had actually been cut out. The defense consisted of an alibi for the June 26th date, and the introduction of considerable testimony that the two State's eye witnesses could not have seen the events to which they testified by reason of the distance between them and the alleged offense. De-

fendant was convicted by a jury, which recommended clemency, and it is from this conviction that the defendant appeals.

The defendant claims error on many grounds, but for the purpose of this opinion, only two of such points will be discussed. The defendant strongly argues that the permitting of the amendment to the Information at the close of the State's case constituted prejudicial error. During the process of the State's case counsel for the defendant advised the Court that he would like to present a motion. The jury was excused and the following motion was made by the attorney for the defendant:

"Mr. Dickason: It now appearing from the evidence that there is some testimony to the effect that a crime was committed on the .18th day of June, 1946, or that at least an occurrence was had at that time, and we do not admit that there is evidence that this defendant committed the crime on that date, and it appearing from the testimony that there was another occurrence testified to on the 26th day of June, 1946. Either of which offenses, if proven, would constitute a crime in itself. The defendant, at this time, upon it appearing that there are two separate occurrences, and having been charged only with the one that occurred on or about the 26th day of June, hereby moves the court to require the State to elect on what date they intend to charge the defendant with having committed the crime of maiming cattle, in order that he may present his defense as to some definite occasion."

The Court overruled the motion and advised counsel that it could be renewed at the end of the State's case. At the close of the State's case, the following occurred:

"Mr. Dickason: Now, at the close of the State's case, the State having rested, the defendant renews its motion that the state be required to elect as to whether or not they rely on the occurrence of June 18th · or the occurrence of June 26th as testified here, for a conviction in this case.

"The Court: The motion is well taken, and the District Attorney will be required to elect upon what date they desire to prosecute this man on.

"Mr. Robins: For the purpose of enabling the defendant to present a proper defense?

"The Court: Yes.

"Mr. Robins: On that basis the state will elect the 18th of June, 1946.

"The Court: The record will so show, and you may amend your information.

"Mr. Robins: Is that required if we put on or about June 26th?

"The Court: Yes, but I want it to conform to the testimony.

"Mr. Dickason: We except to the amending of the information for the reason that the original complaint in this case

charged the defendant with having committed the crime on the 26th day of June, 1946, and the information having charged the crime as being on or about the 26th day of June, 1946; all of the testimony at the preliminary having been as to the occurrence on June 26th, and that being the only occasion that was ever brought to the defendant's knowledge prior to the time of the trial."

■ From the above it will be seen that the action of the trial Court was taken upon the direct motion of the defendant himself. The defendant advised the Court that the motion was being made "in order that he (the defendant) may present his defense as to some definite occasion." It will also be noted that the Court, in requiring the State to elect, did so "for the purpose of enabling the defendant to present a proper defense."

In view of this state of the record, it would appear that the defendant is now attempting to take advantage of the Court's action by excepting to a ruling which he himself sought. The defendant certainly had his proper remedy which he might have taken after the Court directed the amendment of the Information, but apparently did not at the time deem that any other action should be taken. The mere fact that no other motion was made subsequent to the amendment of the Information tends to show that the defendant was not in anyway prejudiced, nor did he feel at the time that he was prejudiced by the ruling of the Court. This Court will look with disfavor, and with a critical eye, upon any effort by a party litigant to take advantage of error in a court's ruling, which is brought on by the granting of a motion made by a party himself. We hold that the defendant, by his own action in moving that the State elect, led the Court into error, if error it was, and that, therefore, the defendant waived his right to claim error in the Court's ruling directing the State to amend its Information.

■ Another point which the defendant relies upon for a reversal is that the Court erred prejudicially in its rulings on the evidence. Counsel points out various alleged errors in the rulings of the Court on objections made relating to cross examination of the State's witnesses. The appellant in his brief points out numerous instances in which he claims error in the rulings of the trial court. Three of these instances are set out hereafter, and this court is specifically passing on these instances, but upon none of the others appearing in appellant's brief:

1. The witness, J. D. Ringer, was one of the State's eyewitnesses to the alleged offense on June 18th. This witness testified on direct examination that he and another witness, Gilbert Aragon, were some three or four hundred yards away when they saw

a person whom they identified as the defendant, apparently commit the act complained of. This witness was asked the question, "Were you armed at that time?" Objection to the question was made by the District Attorney that it was not proper cross examination, and the objection was sustained.

2. Subsequently, the same witness, J. D. Ringer, was asked the question, "You had your guns with you at the time you saw this man rope the cow, didn't you?" Here again the objection by the State was sustained.

3. During the testimony of Gilbert Aragon, he was asked by the defendant, "Will you state whether or not you were armed at the time?" Again objection was made and the objection was again sustained.

The question as to the scope of the cross-examination has been ruled upon by this Court on many occasions, among which are the cases of Morrill v. Jones, 26 N.M. 32, 188 P. 1108, and State v. Stewart, 34 N.M. 65, 277 P. 22. In the case of Krametbauer v. McDonald et al., 44 N.M. 473, 104 P.2d 900, 904, this Court set out the rule very clearly:

"It has been the rule * * * that the cross examination of a witness should be limited to those facts and circumstances connected with the matters inquired of in the direct examination, *except as to those tending to discredit or impeach the witness, or to show his bias or prejudice, or the like.* (Emphasis ours.) Such is the rule in this jurisdiction. * * *

"But cross examination is not confined to the identical details testified to in chief, but extends to its entire subject matter * * *, and to all matters that may modify, supplement, contradict, rebut, or make clearer the facts testified to in chief by the witness on direct examination. * * *

"It should be stated that the scope of cross examination must necessarily rest largely in the sound discretion of the court because of the difficulty of ruling precisely on the questions that arise in nearly all contested cases. The trial judge is clothed with a large discretion in the application of the rule. * * * *It is much safer to resolve the doubts in favor of the cross examiner than to risk excluding testimony that should be admitted.*" (Emphasis ours.)

Considering the above rule with reference to this particular case and the instances of error hereinbefore set out, it is necessary to understand the actual facts at issue, as they were presented at the trial. Here we have a case involving a particularly heinous charge, one which makes a normal man shudder from the sheer barbarity of it. The two witnesses involved, Ringer and Aragon, could have, under our law, gone to extreme lengths to apprehend

the perpetrator, the alleged offense having been committed in their presence. Their every act on this occasion is material and their failure to act is a question for the jury in determining the credibility to be given their testimony. When the entire record in this case is considered, together with the fact that the jury recommended clemency, it would appear to us that there was an undue limitation by the trial court of the cross examination of the two witnesses, with reference to the question of whether or not they were armed. The ruling in these instances should have been resolved in favor of the cross examiner, then there would not have been the risk of excluding testimony that should have been admitted.

We, therefore, hold that the trial Court was in error and ruled prejudicially against the defendant at the trial, in view of the fact that the jury should have been allowed to consider these matters in their deliberations, and were prevented from doing so by the rulings of the Court. The case will, of necessity, have to be reversed, and in view of this fact, it will not be necessary for this Court to consider or pass upon the other points raised by the defendant in his appeal.

The judgment will be reversed and the cause is remanded to the District Court of Valencia County for a new trial.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.

LUJAN, J., not participating.