429 P.2d 334

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Richard GARCIA, Defendant-Appellant.**

**No. 8252.**

Supreme Court of New Mexico.

June 19, 1967.

Nils T. Kjellstrom, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

Defendant was convicted and sentenced for rape. His appeal raises issues concerning: (1) the rape for which he was convicted, (2) his competency to stand trial, (3) venue and (4) admission of testimony concerning defendant's previous record.

We have two statutes on rape. The applicable portion of § 40A–9–2, N.M.S.A. 1953, states:

"Rape consists of a male causing a female other than his wife to engage in sexual intercourse with him without her consent,

and when committed under any of the following circumstances:

"A. When the female's resistance is forcibly overcome; * * *"

Section 40A–9–3, N.M.S.A.1953, defines statutory rape. as sexual intercourse by a male with a female other than his wife when the female is under the age of sixteen years.

Defendant contends that his crime was statutory rape and therefore he could not be convicted of rape. The practical consequences of this contention, under the facts, is the difference between the sentences for third and second degree felonies.

Section 40A–9–3, N.M.S.A.1953, proscribes sexual intercourse with a female under the specified age, regardless of whether the female consents. See State v. Richardson, 48 N.M. 544, 154 P.2d 224 (1944). Section 40A–9–2, N.M.S.A.1953, proscribes sexual intercourse without the consent of the female and when her resistance is forcibly overcome. Age is not a factor under § 40A–9–2, N.M.S.A.1953. The elements of the two crimes are not the same; the two sections define separate offenses.

 Had he been charged under § 40A–9–3, N.M.S.A.1953, from the evidence, defendant could have been convicted of statutory rape. This, however, does not immunize defendant from prosecution for and conviction of rape. The evidence establishes that defendant had sexual intercourse with a female, not his wife, without her consent and by forcibly overcoming her resistance. This was rape, regardless of the age of the victim. State v. Worden, 46 Conn. 349 (1878); State v. Knock, 142 Mo. 515, 44 S.W. 235 (1898); 1 Wharton's Criminal Law and Procedure (Anderson) § 315. Defendant's conviction and sentence for rape was not barred by facts establishing statutory rape. State v. Barefoot, 241 N.C. 650, 86 S.E.2d 424 (1955); compare State v. Sisneros, 42 N.M. 500, 82 P.2d 274 (1938).

 Defendant claimed that he was not competent to stand trial. He moved for a hearing on the question of his competency. He refused to plead at his arraignment.

Thereupon, the trial court, pursuant to § 41–6–52, N.M.S.A.1953, entered a plea of not guilty.

At trial, testimony was taken on the question of his competency to stand trial; this evidence was presented at the same time evidence was presented on other defenses. The issue of his competency to stand trial was one of the issues submitted to the jury under instructions to which no objection was made. The jury found against defendant on this issue.

State v. Upton, 60 N.M. 205, 290 P.2d 440 (1955), states:

"Section 41–13–3, N.M.S.A.1953, as construed in Territory v. Kennedy, cited supra, [15 N.M. 556, 110 P. 854, 1910] and State v. Folk, cited supra, [56 N.M. 583, 247 P.2d 165, 1952] outlines the rights of defendants claiming insanity at the time of trial:

"1.) No particular method of bringing the question of defendant's present sanity to the attention of the trial court is required. 2.) Once the issue has been raised the trial court is under a duty to inquire into the matter. 3.) The trial court must rule as to whether a reasonable doubt exists as to the sanity of the accused. 4.) If the trial court rules affirmatively the issue must be submitted to the jury for determination."

Defendant claims that these requirements were not followed. He contends that points 2 and 3, outlined above, were not met. Although the issue of competency to stand trial was submitted to and decided by the jury, he contends the trial court did not inquire into the matter and did not rule whether a reasonable doubt existed as to the present competency of defendant.

It is true that the only hearing concerning defendant's competency to stand trial was before the jury. It is also true that no specific ruling by the trial court found reasonable doubt as to his present competency. The procedure omitted was for determining whether an issue existed concerning defendant's competency to stand trial.

**138**

Such omission was not error. The purpose of these requirements is to bring the issue to the jury if reasonable doubt exists. Since the issue was presented to the jury, the trial court made available to defendant every right guaranteed to him. State v. Upton, supra. State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966)

Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), does not require a contrary result. Pate held that when the issue of defendant's competency to stand trial is raised, due process requires the court to make inquiry concerning his competency. In Pate there was no inquiry as provided for by Illinois statutes.

We do not understand Pate to require that the issue of defendant's competency to stand trial must be decided by the trial judge or must be decided after an inquiry conducted separate from the trial. Specifically, we do not understand the Pate decision to prohibit either the procedures approved in State v. Upton, supra, or the procedure followed in this case. Due process of law required that there be an inquiry concerning defendant's competency to stand trial. Such an inquiry was held, and on conflicting evidence the jury determined that defendant was competent to stand trial.

Defendant contends that the evidence does not satisfactorily show that the crime was committed in Bernalillo County. Thus, he attacks the credibility of the witnesses who testified concerning venue. Credibility of the witnesses was a matter for the jury to decide.

Defendant asserts that testimony concerning his past offenses was improperly admitted into evidence. The father of defendant testified for the defense. On his direct examination he testified concerning defendant's prior conduct both as observed by the witness and as reported to the witness by defendant. This testimony was in support of the defenses of insanity at time of the crime and incompetency to stand trial.

The State's cross-examination was directed to the completeness of the information imparted by the defendant to the witness. The cross-examination developed that certain of defendant's past conduct had in fact been criminal conduct. There was no objection to this aspect of the cross-examination.

There are two answers to defendant's contention. First, the State's questions pertained to matters inquired of in the direct examination. The cross-examination modified and supplemented the testimony on direct examination and was proper under State v. Wilcoxson, 51 N.M. 501, 188 P.2d 611 (1948). Second, no objection to the cross-examination having been made in the trial court, the point will not be conidered on appeal. Section 21–2–1(20), N.M.S.A. 1953; State v. Walker, 54 N.M. 302, 223 P.2d 943 (1950).

The judgment and sentence is affirmed.

It is so ordered.

MOISE and CARMODY, JJ., concur.