439 P.2d 561

STATE of New Mexico, Plaintiff-Appellee,

v.

Chris ANAYA and Eloy Quintana, Defendants-Appellants.

No. 90.

Court of Appeals of New Mexico.

March 15, 1968.

Elaine Hatch, Prince & Hatch, Santa Fe, for appellants.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

WOOD, Judge.

Convicted of aggravated assault, defendant Anaya appeals. He raises issues concerning: (1) aiding and abetting, (2) an asserted agreement not to submit the aggravated assault charge to the jury, (3) reference to a prior conviction, (4) proceedings in connection with a juror found in contempt of court, (5) the State's closing argument and (6) cumulative error.

*Aiding and Abetting.*

State v. Ochoa, 41 N.M. 589, 72 P.2d 609 (1937), states·

"Before an accused may become liable as an aider and abettor, he must share the criminal intent of the principal."

Although charged as a principal, defendant's theory is that he did not directly commit the offense of aggravated assault. If guilty, he asserts it must be on the basis that he aided and abetted its commission. Section 41–6–34, N.M.S.A. 1953. Defendant contends proof is lacking that he shared the criminal intent of his codefendant.

From the evidence the jury could find: Jerry Lopez and Leo Otero were seated in the front seat of a car. Defendants Anaya and Quintana got into the back seat. Anaya pulled a gun, pointed it at Otero and asked for money. Otero "was worried" when the gun was pulled; he saw that it was loaded. Otero handed over his money. Anaya then pointed the gun at Lopez and asked for money. Lopez handed over his money "because he had a gun." Quintana then grabbed the gun, saying in Spanish, "Hand it over, I will show you how to use a gun." Quintana then shot Lopez.

Section 40A–3–1(B), N.M.S.A. 1953, defines assault as:

"[A]ny unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery; * * *."

Section 40A–3–2(A), N.M.S.A. 1953, states that aggravated assault consists of

"unlawfully assaulting * * * another with a deadly weapon."

The above evidence is sufficient to sustain Anaya's conviction as a person who directly committed the offense of aggravated assault when the money was taken. Since there is evidence to sustain the conviction of Anaya as one who directly committed aggravated assault, it is unnecessary to pass upon the sufficiency of the evidence to sustain the theory that Anaya aided and abetted Quintana in the shooting of Lopez. State v. Ochoa, supra.

*Agreement Not to Submit the Aggravated Assault Charge.*

Defendants were charged in three counts. The third count is the aggravated assault charge. Anaya contends that, as to him, there was an agreement that Count three would not be submitted to the jury. He bases this contention on the following question by the trial judge:

"We are agreed * * * to instruct on Count one as to both Defendants and on Count three as to the Defendant, Quintana, alone?"

Attorneys for all of the parties replied in the affirmative.

The foregoing supports Anaya's contention that an understanding not to submit Count three existed at that time. However, Count three was not dismissed.

The trial court and counsel then proceeded to prepare the instructions. The record shows that Anaya's counsel received and examined a set of the instructions which the court planned to give to the jury. These instructions clearly state that Count three is submitted as to both defendants.

Counsel stated:

"For the Defendant, Anaya, we abide by these instructions. We have no objections to them and we will not submit additional ones."

We do not consider whether the court was bound by the alleged agreement. Defendant cannot complain about the instruction submitting Count three since he

had no objection to its submission. State v. Baize, 64 N.M. 168, 326 P.2d 367 (1958).

*Reference to a Prior Conviction.*

Anaya contends that the trial court should have granted his motion for a mistrial. The motion was made after the State, on cross-examination, asked Anaya if he were the same Anaya who had been sentenced in Santa Fe County to a penitentiary term of one to five years. Defendant asserts that he was prejudiced by this reference to his former conviction and that the prejudice was not effectively removed by the trial court's admonition.

In Anaya's direct examination he testified that previously he had been sent to the Penitentiary for a term of one to five years for aggravated assault. Cross-examination extends to matters that may modify, supplement, contradict, rebut or make clearer the facts testified to by the witness on direct examination. State v. Wilcoxson, 51 N.M. 501, 188 P.2d 611 (1948); see State v. Garcia, 78 N.M. 136, 429 P.2d 334 (1967). The State's question was within the realm of permissible questions on cross-examination.

The trial court advised the jury that the question had been stricken because the form of the question was improper. It admonished the jury to disregard the question and put it out of their minds. The trial court then explained that testimony as to prior criminal offenses of each of the defendants was for impeachment purposes; "it is not offered to show and it does not tend to prove guilt on these charges." If the question on cross-examination could be considered as having a prejudicial effect, such effect was cured by the striking of the question and the admonition to the jury. State v. Ferguson, 77 N.M. 441, 423 P.2d 872 (1967).

*Contempt of Court by a Juror.*

The reading of the instructions to the jury was interrupted and the jury retired to the jury room. One juror was brought into the courtroom. It was determined from his actions and his breath that he had been

drinking. The court held the juror in contempt for "lying to the Court." This occurred when questioned, under oath, concerning his drinking.

Citing State v. Hunt, 26 N.M. 160, 189 P. 1111 (1920), Anaya contends that it is improper for the judge to have any communication with the jury unless the defendant is present. He asserts that the record does not affirmatively show that defendant was present when the intoxicated juror was questioned.

We do not decide whether State v. Hunt, supra, is applicable to the facts of this case. The bill of exceptions settled by the trial judge, with the approval of Anaya's attorney, affirmatively states that defendant was personally present during the trial of the case. Thus, he was present when the reading of the instructions was interrupted and the intoxicated juror was questioned.

The trial court informed the jury that the intoxicated juror had been held in contempt of court, would be punished for the contempt and was removed from the jury. An alternate juror was directed to take the place of the intoxicated juror.

Anaya moved for a mistrial on the ground that the judge's comments concerning the intoxicated juror were prejudicial to him. In support of this motion, Anaya asserted that the comments left the implication that unless the jury returned a guilty verdict, they "may suffer the same penalty."

The motion was denied; however, the trial court admonished the jury. The judge told the jury that nothing he had done in connection with the intoxicated juror was intended to influence their conduct or actions as jurors; that the action taken was not intended to influence their deliberations or verdict. The judge stated, "We can't let a drunk man sit on a jury to pass upon the guilt or innocence of two defendants."

State v. Parks, 25 N.M. 395, 183 P. 433 (1919) states:

"* * * It is improper for the court, during the progress of the trial, to make any unnecessary comments, or to take any unnecessary action, which might tend to prejudice the rights of either of the parties litigant; but, when it becomes unavoidable during the progress of the trial, the court has the right to impose a fine upon any person connected therewith, even though it be in the presence of the jury, and such action cannot of itself cause a mistrial, merely because the occurrence might have some influence on the minds of the jury * * *." See State v. Sheffield, 55 N.M. 150, 228 P.2d 431 (1951).

■ Certainly the trial court is not required to disregard the drunkenness of a juror. There is no claim that the actions of the trial court with regard to this juror were either improper or unnecessary. We do not perceive how the judge's comments left an implication that the jury might be punished if they returned a verdict of not guilty. The jury acquitted defendant of the charge of armed robbery and found him guilty of the lesser charge of aggravated assault. If, however, the jury were influenced by the comments of the judge, this did not provide a basis for a mistrial. State v. Parks, supra. If there was prejudice resulting from the remarks, the prejudicial effect was cured by the admonition. State v. Ferguson, supra.

*Closing Argument.*

Anaya contends that the District Attorney made prejudicial statements in closing argument "without proper admonition from the court." He relies on two instances.

■ In reference to the two defendants the District Attorney stated, "if they had two guns, in my opinion, two guns would have been used." The trial court sustained the objection to the remark, told the jury to disregard it and directed the District Attorney to confine himself to the facts. The admonition was proper.

The District Attorney commented "these two prosecuting witnesses are not hoodlums." Anaya asserts "the plain import of the words was that the defendants were hoodlums."

■■ We assume that the import of the words is as contended. It is within the

range of legitimate argument for counsel to discuss all inferences which may be drawn from the evidence. State v. Graves, 21 N.M. 556, 157 P. 160 (1915); People v. Arguello, 65 Cal.2d 768, 56 Cal.Rptr. 274, 423 P.2d 202 (1967). Both defendants, in their direct examination testified as to prior offenses. One could infer from the defendants' testimony that they, in fact, were hoodlums. See Sanders v. United States, 238 F.2d 145 (10th Cir. 1956).

Although the "hoodlum" remark was within the range of the evidence, the question is: Did the remark influence the jury so as to deprive Anaya of a fair and impartial trial? See State v. Cummings, 57 N.M. 36, 253 P.2d 321 (1953).

Chacon v. Territory, 7 N.M. 241, 34 P. 448 (1893), states:

"* * * The trial court enjoys peculiar facilities for observing the propriety or impropriety of forensic arguments, and its discretion, when invoked, should rarely be interfered with, in the absence of obvious or probable injury."

There is no suggestion in the "hoodlum" remark that the jury should deal unfairly with Anaya because of his prior criminal record. We cannot say that Anaya was denied a fair and impartial trial by the remark which has an evidentiary basis in defendant's own testimony. Here, there is neither obvious nor probable injury. The trial court's discretion in overruling the objection to the remark will not be interfered with. Territory v. Chamberlain, 8 N.M. 538, 45 P. 1118 (1896).

*Cumulative Error.*

Anaya asserts that his conviction should be reversed because of cumulative error resulting (a) from the two remarks of the District Attorney discussed above and (b) from all of the "error" asserted and discussed in this opinion. He relies on Oaks v. People, 150 Colo. 64, 371 P.2d 443 (1962). Oaks stated that numerous formal irregularities, in themselves harmless, may in the aggregate show the absence of a fair trial.

None of the points relied on by Anaya demonstrate that he was denied a fair trial.

The doctrine of cumulative error is not applicable. State v. Gutierrez, 78 N.M. 529, 433 P.2d 508 (N.M.App.1967).

The judgment and sentence are affirmed.

It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.