458 P.2d 92

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Senito BACA, Defendant-Appellant.**

No. 324.

Court of Appeals of New Mexico.

Aug. 8, 1969.

Paul J. Matteucci, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Ray Shollenbarger, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Judge.

Defendant appeals from his conviction of attempted burglary. He relies upon two points for reversal. The first is his claim of prejudice by reason of being questioned by the District Attorney as to collateral criminal offenses.

Defendant took the stand in his own defense and testified as follows on direct examination:

"Q. Let me ask you this, Senito: Have you ever been involved in any criminal charges before?

"A. Once.

"Q. What was that for?

"A. A burglary charge, last year.

"Q. A burglary charge. Were you convicted of that?

"A. Yes, sir."

On cross-examination the District Attorney asked him the following questions to which he made the following answers:

"Q. When you were asked if you have ever been involved in any criminal activities and you mentioned the burglary you were convicted of last year, that wasn't quite accurate, was it?

"A. I don't know, I guess every time you are picked up I guess it is a criminal charge.

"Q. That is not the only thing you have been involved in; is that correct?

"A. No, but I never been convicted of anything before.

"MR. CARPENTER: I object, Your Honor.

"THE COURT: Sustained."

■ Defendant asserts that the cross-examination was improper in that it constituted evidence of other crimes introduced for the purpose of proving the crime with which he was charged. He relies upon State v. Rowell, 77 N.M. 124, 419 P.2d 966 (1966); State v. Velarde, 67 N.M. 224, 354 P.2d 522 (1960); State v. Lord, 42 N.M. 638, 84 P.2d 80 (1938); State v. Coca, 80 N.M. 95, 451 P.2d 999 (Ct.App.1969); State v. Mason, 79 N.M. 663, 448 P.2d 175 (Ct.App.1968), cert. denied, 79 N.M. 688, 448 P.2d 489 (1968). Although, as urged by defendant, these cases do support the rule that ordinarily evidence of other distinct offenses is not admissible to prove the offense with which defendant was charged, they do not support his position here. The questioning did not elicit evidence of other distinct offenses. It is true that the questioning may have suggested that defendant had committed other offenses, but the questioning was proper under the circumstances.

■ On direct examination defendant testified he had "once" been involved in "criminal charges." It was proper to subject him to cross-examination on matters which might limit, modify, supplement, contradict, rebut or make clearer this testimony. State v. Anaya, 79 N.M. 43, 439 P.2d 561 (Ct.App.1968); 3 Anderson, Wharton's Criminal Evidence, § 889 (12th Ed. 1955). The questions asked were within the range of permissible cross-examination. In any event, the trial court promptly sustained the only objection made, and no further questions along this line were asked.

Defendant next claims he was prejudiced because he was asked on cross-examination the following question to which he gave the following answer:

"Q. Do you remember mentioning to police you loaned your car to various burglars?

"A. No, sir. If I did, I don't know. I don't know if I did or not. If anybody used my car they used it without my permission."

No objection was made to either the question or the answer. Except for questions of jurisdiction and fundamental error, the trial court must be clearly alerted to any claimed error if it is to be preserved for appellate review. Barnett v. Cal M. Inc., 79 N.M. 553, 445 P.2d 974 (1968); State v. James, 76 N.M. 376, 415 P.2d 350 (1966). State v. Reynolds, 79 N.M. 195, 441 P.2d 235 (Ct.App.1968). Thus, even if error be assumed, this was not preserved for review by this court.

However, defendant contends the trial court should have declared a mistrial because of the claimed errors inherent in the above quoted portions of his cross-examination. He relies upon language in State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966) and State v. Coca, supra. In those cases it was stated that the primary responsibility is on the trial court to determine when the cross-examination should be limited, because the legitimate probative value on the credibility of the accused is outweighed by its illegitimate tendency, effect or purpose to prejudice him as a defendant. This language cannot be taken out of context and construed as relieving a defendant of his responsibility for making a proper record of claimed error he wishes reviewed on appeal.

Defendant's second point is that he was denied a fair trial because of ineffective and inadequate trial counsel. He relies upon the claimed errors asserted under his first point and upon the failure of his trial attorney to object to a hearsay statement by the wife of a witness. This witness was testifying as to his observations of defendant in the area of the neighbor's house, which defendant allegedly attempted to burglarize. The hearsay statement to

**490**

which reference is made has been underlined in his answer to the following question:

"Q. What did you observe this person knocking on the front door do?

"A. He just knocked. As my wife came to see, he started going around back. About that time—I didn't hear, *but my wife said she heard glass,* and there was this car parked on Gonzales, so the person that was parked facing west on Gonzales evidently waiting for this person gunned the motor, and this person started running to the car."

The witness then proceeded to tell of his observations as to the route the car took; how he and his wife went to the neighbor's house to see what defendant had been doing in the back yard; the seeing by them of a torn screen and a broken window; and his following of the fleeing car until he was able to get the number of the license thereon and a close look at the defendant and the other occupant thereof.

Under the evidence as adduced, we are unable to agree, as defendant contends, that hearsay testimony was the only evidence of any overt act on the part of defendant in furtherance of the commission of the burglary which he attempted. The witness saw the torn screen and broken window and gave chase to the fleeing automobile in which defendant was making his escape. We fail to understand how the failure of counsel to object to the words, "my wife said she heard glass," deprived defendant of the effective assistance of counsel. Error to warrant reversal must be prejudicial. State v. Ranne, 80 N.M. 188, 453 P.2d 209 (Ct.App.1969).

It is apparent to us that the trial of defendant was not a sham, a farce, or a mockery of justice, which is essential to a showing that defendant was denied the effective assistance of counsel. State v. Barton, 79 N.M. 70, 439 P.2d 719 (1968); State v. Ranne, supra. Ineffectiveness of counsel is not established just because the case was lost [State v. Apodaca, 78 N.M. 412, 432 P.2d 256 (1967)], nor is it estab-

lished because of mere improvident strategy, bad tactics, mistake, carelessness, or inexperience on the part of counsel. State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967); State v. Ranne, supra.

The judgment of conviction should be affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.