599 P.2d 392
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**William DUNN, Defendant-Appellant.**

**No. 3924.**

Court of Appeals of New Mexico.

March 27, 1979.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Asst. App. Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant's conviction for escape from the penitentiary was reversed on the basis of *Esquibel v. State*, 91 N.M. 498, 576 P.2d 1129 (1978). During the retrial of defendant, the trial court ordered a mistrial because of an answer made by a defense witness during cross-examination. We granted an interlocutory appeal (see § 39–3–3(A), N.M.S.A.1978), because defendant may not be again tried on the escape charge if the mistrial was improperly granted. *State v. De Baca*, 88 N.M. 454, 541 P.2d 634 (Ct.App.1975); *State v. Sedillo*, 88 N.M. 240, 539 P.2d 630 (Ct.App.1975).

Defendant and Cody escaped from the penitentiary together. Both were prosecuted for the escape. Both asserted duress as a defense. See *Esquibel v. State*, supra. Cody was acquitted. Prior to defendant's retrial, the trial court prohibited "the defense case from any reference by whatever means to the jury that a defense witness, Denny B. Cody, had been acquitted of the identical charge in a companion case to that at bar."

During cross-examination the prosecutor asked the following question, and Cody gave the following answer:

"Q. (Mr. Berardinelli) How can you explain to this jury that both of you [defendant and Cody] have claimed that you escaped to save your lives; that both of you have claimed that notes were put on your beds and threats were made from unknown individuals because you were both supposed to be snitches?

A. (Mr. Cody) Because that is true. You forget to mention that I was found not guilty of this same crime—

(Mr. Berardinelli) Objection, your honor."

The trial court instructed the jury to disregard the answer, explaining that what may have been determined with regard to Cody was "completely irrelevant to the issues in this case."

The jury was then excused. The trial court inquired of defense counsel regarding compliance with its pretrial ruling to refrain from any reference to Cody's acquittal. Defense counsel informed the trial court "that he had adequately instructed the witness regarding this prohibition." Cody was then found to have been in contempt of court; this contempt ruling is not involved in this appeal.

After the contempt ruling, the prosecutor moved for a mistrial. Defendant opposed the granting of a mistrial. The trial court ordered a mistrial, finding:

[T]hat because of the intentional and unjustified injection of the testimony above-referred to, the Plaintiff [State] cannot obtain a fair trial, and that no amount of admonition to the jury and no less drastic procedure would cure the error or eliminate the prejudice to the State's case, and that manifest necessity has arisen thereby sufficient to justify granting said Motion, over objection by the defense.

The trial court found an "intentional and unjustified injection" of Cody's acquittal into defendant's trial. Although the finding is not specific, our understanding is that this intentional and unjustified conduct was by Cody, hence the finding of contempt.

 The question was an open-ended one; the prosecutor asked Cody to "explain to this jury" the similarity of the defenses to the escape charges. The answer cannot be characterized as totally unsolicited by the question that was asked. Compare *State v. Baca*, 89 N.M. 204, 549 P.2d 282 (1976). Although the answer improperly interjected Cody's acquittal into the case, this error can be viewed as having been invited by the prosecutor's question.

Viewing the prosecutor's question as having invited the improper answer, how does the open-ended question affect the propriety of the mistrial order? In this case it has no effect. The plurality opinion in *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971) points out that the trial court's decision to grant a mistrial requires "a scrupulous exercise of judicial discretion" and that such discretion is not to be exercised "according to rules based on categories of circumstances . . . ." *Jorn* states:

[W]e cannot evolve rules based on the source of the particular problem giving rise to a question whether a mistrial should or should not be declared, because, even in circumstances where the problem reflects error on the part of one counsel or the other, the trial judge must still take care to assure himself that the situation warrants action on his part foreclosing the defendant from a potentially favorable judgment by the tribunal.

 There are no "bright-line rules based on . . . the source of the problem . . . ." *United States v. Jorn*, supra. However, the double jeopardy clause "bars retrials where 'bad-faith conduct by judge or prosecutor,' . . . threatens the '[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict' the defendant." *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). See *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977).

 The transcript does not show that the prosecutor's open-ended question was asked in bad faith or was in any way designed to obtain a declaration of a mistrial. The trial court did not find that the prosecutor acted improperly in asking the question. Accordingly, the prosecutor's conduct plays no part in our decision as to the propriety of the mistrial order. Nor does the intentionalness of Cody's answer play a part. The propriety of the mistrial is to be determined by whether there was a manifest necessity for the mistrial order, or by whether "the ends of public justice would be defeated by carrying the first trial [in

this case the retrial] to a final verdict." *State v. Aragon*, 89 N.M. 91, 547 P.2d 574 (1976).

■ Cody's answer informed the jury that he had been acquitted "of this same crime". Because of this answer, the trial court found that the State could not obtain a fair trial. Our function, on appeal, is to determine whether the trial court abused its discretion. *United States v. Jorn*, supra; *State v. Sedillo*, supra.

Defendant claims the trial court abused its discretion by failing to consider alternatives to a mistrial. See *State v. De Baca*, supra. Obviously it did consider alternatives. The trial court first instructed the jury to disregard the answer, but after the contempt hearing, the trial court concluded that "no amount of admonition . . . and no less drastic procedure would cure the error or eliminate the prejudice to the State's case . . . ."

■ Defendant asserts the trial court failed to exercise "sound discretion" in abandoning the "less drastic alternative" of an admonition to the jury. The trial court was of the view that an admonition to the jury could not eliminate the prejudice to the State's case. Compare *Albertson v. State*, 89 N.M. 499, 554 P.2d 661 (1976). The question of abuse of discretion necessarily turns on the trial court's view of prejudice. The trial court observed the witness and the impact of the witness's answer on the jury, we did not. Compare the situation in *State v. Aragon*, supra. Accordingly, we cannot hold that the trial court's view of prejudice to the State's ability to obtain a fair trial was an abuse of discretion.

The order declaring a mistrial is affirmed.

IT IS SO ORDERED.

HERNANDEZ and WALTERS, JJ., concur.