603 P.2d 1101

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Vickie Gloria QUINTANA, Defendant-Appellant.**

**No. 4126.**

Court of Appeals of New Mexico.

Sept. 25, 1979.

Roderick A. Dorr, Terrazas & Dorr, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

The appeal involves a double jeopardy claim based on the prosecutor's alleged bad faith conduct.

Defendant was being tried on a charge of forgery of a check. During his opening statement, the prosecutor stated that a detective would testify that he presented a photo array to the victim, that the array was of persons that "may or have been involved in previous crimes" and that the victim had selected defendant's picture from the array. The victim was the first witness. After an in-court identification of

defendant as the one who passed the check, the victim was asked to identify a set of pictures. The victim identified the pictures as the array which she had viewed, and testified that she had selected defendant's picture from the array. When the prosecutor moved the admission of defendant's picture (from the array), defendant objected and moved for a mistrial. The mistrial motion was granted; there is no issue as to the propriety of this ruling. *State v. Gutierrez*, 93 N.M. 232, 599 P.2d 385 (Ct.App. 1979).

Thereafter, defendant moved to dismiss the forgery charge. The motion asserted, and it is not disputed on appeal, that the photo of defendant was a "mug shot" which showed a police number and an arrest date unrelated to the forgery charge. The motion alleged that use of defendant's photo and the reference to the photo array in the opening statements "were either intentional attempts to abort this trial or grossly negligent actions amounting to prosecutorial misconduct and overreaching." On this basis defendant contended that to retry the defendant would violate double jeopardy. The trial court denied the motion; we granted an interlocutory appeal.

Defendant is the one who sought and obtained the mistrial. Ordinarily a mistrial granted on defendant's motion removes any double jeopardy barrier to reprosecution. This, however, is not the rule when the mistrial results from prosecutorial overreaching. *State v. Mazurek*, 88 N.M. 56, 537 P.2d 51 (Ct.App.1975). The "overreaching" which bars retrial requires bad faith conduct which threatens the defendant with successive prosecutions or which seeks for the prosecutor a more favorable opportunity to convict. *State v. Dunn*, 93 N.M. 239, 599 P.2d 392 (Ct.App.1979).

It cannot be seriously contended that the prosecutor's references to the photo array in his opening statement and his attempt to introduce defendant's mug shot into evidence were not efforts to afford the prosecutor a more favorable opportunity to convict the defendant. See *State v. Gutierrez*, supra. The question is whether the prosecutor's efforts can be characterized as having been undertaken in bad faith.

The arguments to the trial court while the mistrial motion was being considered show that counsel differed as to the holding in *State v. Gutierrez*, supra. The prosecutor's view was that *Gutierrez* did no more than prohibit references to "mug shots" and "mug books." Such a limited view of *Gutierrez* is amazing. The holding in *Gutierrez* reads:

> We will no longer tolerate prosecutorial references to "mugshots" or "mug books," or the introduction of "mug shots" in a criminal case under the circumstances brought to our attention here.

Although the prosecutor's selective view as to the holding in *Gutierrez* is dubious, the circumstances of *Gutierrez* and this case are sufficiently different; that even with the prosecutor's erroneous view of the *Gutierrez* decision, we cannot hold the prosecutor proceeded in bad faith.

Defendant's brief speculates as to the use the prosecutor would have made of defendant's picture if the trial had proceeded. Such speculative use does not show bad faith because it did not occur; a mistrial was declared.

At the time the trial court declared the mistrial, there had been no reference to "mug shot"; the prosecutor's references had been to a "photo array." Defendant's picture was never admitted into evidence; none of the pictures in the array had been shown to the jury. Testimony by the victim that she had selected the picture of the defendant from a photo array was relevant to corroborate her in-court identification. The trial stopped at that point. There had not been repeated testimony concerning, or repeated references to, defendant's picture; the only testimony concerning the picture had come from the victim, and the victim's testimony had not been repetitious. The limited use of the defendant's mug shot picture in this case was sufficiently different from the use in *State v. Gutierrez*, supra, that we cannot hold, as a matter of law, either that the prosecutor proceeded in bad faith or that the trial court's refusal to

dismiss, on a theory of prosecutor over-reaching, was an abuse of discretion. Compare the facts in *State v. Callaway*, 92 N.M. 80, 582 P.2d 1293 (1978).

The order denying the motion to dismiss is affirmed.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.