605 P.2d 1164

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jerry Lewis MESTAS, Defendant-Appellant.**

**No. 4092.**

Court of Appeals of New Mexico.

Jan. 3, 1980.

John B. Bigelow, Chief Public Defender, Michael Dickman, Asst. Appellate Defender, Santa Fe, Charles Finley, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals an order denying his double jeopardy claim. We discuss: (1) whether the order is appealable, and (2) prosecutor misconduct which prohibits a retrial.

*Whether the Order is Appealable*

Defendant was convicted of criminal sexual penetration in the second degree and kidnapping. These convictions were reversed by memorandum opinion of this Court in *State v. Mestas*, (Ct.App.) No. 3608, decided August 22, 1978. A second trial in February, 1979 terminated when a mistrial was declared by the trial court. Defendant then moved for dismissal of the charges on the grounds of double jeopardy. This motion was denied in April, 1979 and defendant appealed.

The State has not challenged defendant's right to appeal the order denying defendant's motion. We discuss whether the order is appealable because it involves this Court's jurisdiction to hear the appeal.

■■ The right of appeal is a matter of substantive law. *State v. Arnold*, 51 N.M. 311, 183 P.2d 845 (1947). Section 39–3–3(A), N.M.S.A. 1978 provides for appeals as of right, by a defendant, from an order denying relief on a petition to review conditions of relief. This provision is not applicable. The statute also provides for appeals as of right, by a defendant, from the entry of final judgment. The order denying defendant's motion, prior to the third trial, was not a final judgment. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

■ This Court has authority to grant interlocutory appeals. Section 39–3–3(A)(3), supra. We treat the docketing statement as an application for an interlocutory appeal, which we hereby grant. *State v. Garcia*, 91 N.M. 131, 571 P.2d 123 (Ct.App.1977). Since the case is before us as an interlocutory appeal, we do not reach the question of whether "final judgment" in § 39–3–3(A)(1), supra, should be construed to include an order denying a double jeopardy claim raised by pretrial motion. Compare *Abney v. United States*, supra.

*Prosecutor Misconduct Which Prohibits a Retrial*

In the first trial, defendant sought a mistrial because of improper closing argument of the prosecutor. The convictions were reversed because the prosecutor's argument was in bad faith and because the cumulative impact of the prosecutor's references to an absent witness denied defendant a fair trial. "The trial court erred in not granting defendant's motion for a mistrial."

Defendant contended, at the motion hearing before the trial court, that he had not sought a mistrial at the second trial. The trial court ruled that the mistrial was granted at defendant's request, and the tapes support this ruling.

The factual predicate, then, is that defendant sought a mistrial at each of the first two trials.

*United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976) states:

The Double Jeopardy Clause does protect a defendant against governmental *actions intended to provoke mistrial requests* and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrials where "*bad-faith conduct* by judge or prosecutor," . . . threatens the "[h]arassment of an accused by successive prosecutions or declaration of a mistrial so *as to afford the prosecution a more favorable opportunity to convict*" . . . . (Our emphasis.)

*United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), at footnote 12, states:

[W]here a defendant's mistrial motion is necessitated by judicial or prosecutorial *impropriety designed to avoid an acquittal*, reprosecution might well be barred. (Our emphasis.)

■ The wording we have emphasized in *Dinitz* and *Jorn* points out that the actions of the prosecutor must have been in bad faith, and must have been designed to afford the prosecution a more favorable opportunity to convict in the trial at which the mistrial motion was made. *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977) applied "these principles" and did not, in our opinion, expand the standard to be followed in determining whether reprosecution was barred.

We followed the language of *Dinitz* in *State v. Dunn*, 93 N.M. 239, 599 P.2d 392 (Ct.App.1979) and *State v. Hogervorst*, 90 N.M. 580, 566 P.2d 828 (Ct.App.1977). However, in *State v. Quintana*, 93 N.M. 644, 603 P.2d 1101 (Ct.App.1979) our paraphrasing of *Dinitz* was inexact. The standard to be followed is the one announced in *Dinitz*.

■ The memorandum reversing defendant's convictions at the first trial stated: "We view the closing remarks of the prose-

cutor, together with some of the questionable questioning at trial, to have been made in bad faith." Although the prosecutor's actions were in bad faith, defendant does not claim that these actions were designed to afford the prosecutor a more favorable opportunity to convict. Defendant properly failed to claim that the second trial (which ended in a mistrial) was barred by double jeopardy. In denying the mistrial motion at the first trial, the trial court ruled that the prosecutor's improper comments came after defendant " 'opened the door' . . ." As to the improper questioning "[s]ome objections were sustained—some were overruled and properly so . . . ." Although the prosecutor's bad faith conduct amounted to error requiring a new trial, there was nothing indicating the conduct was for the purpose of causing a mistrial or a reversal on appeal so as to afford the prosecutor a more favorable opportunity to obtain a conviction at a subsequent trial. Compare the facts in *State v. Callaway*, 92 N.M. 80, 582 P.2d 1293 (1978).

At the second trial the prosecutor asked an improper question; because of this question a mistrial was declared. Defendant's double jeopardy claim is based on this question. The trial court ruled that the question was not asked in bad faith, and was not designed to provoke a mistrial; "She had everything to lose from that . . . [question], nothing to gain. She had a very favorable jury." These rulings were not incorrect as a matter of law. The improper question at the second trial did not bar the scheduled third trial. Compare *State v. Quintana*, supra; *United States v. Buzzard*, 540 F.2d 1383 (10th Cir. 1976).

The order of the trial court is affirmed.

IT IS SO ORDERED.

ANDREWS, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

I concur in the result.

## A. *An interlocutory appeal was properly granted.*

Judge Wood treated a docketing statement as an application for an interlocutory appeal. *State v. Garcia*, 91 N.M. 131, 571 P.2d 123 (Ct.App.1977). I agree. By this process of construing § 39–3–3(A)(3), N.M. S.A.1978, and Rule 203 of the Rules of Appellate Procedure for Criminal Cases, we take the view that the Supreme Court follows a policy of construing rules liberally, to the end that cases on appeal may be determined on the merits where it can be done without impeding or confusing administration or perpetrating an injustice. *Olguin v. State*, 90 N.M. 303, 563 P.2d 97 (1977).

I concur in this procedural device and in any similar device used in every criminal case wherein a defendant suffers because of the fault of an attorney. Defendants in a criminal case are entitled to the protection of the law. Their attorneys are not whenever the statutes and rules of procedure are not followed.

## B. *The trial court erred in declaring a mistrial.*

The prosecutor asked the defendant this question on cross-examination.

Isn't it true that on that evening your sister accused you of raping her friend?

Based on this question the trial court granted a mistrial. The ruling was erroneous. The question as to the scope of the cross-examination has been ruled upon by the Supreme Court on many occasions. The cross-examination of a witness should be limited to those facts and circumstances connected with the matters inquired of in the direct examination, except as to those tending to discredit or impeach the witness. It is not confined to the identical details testified to in chief, but extends to its entire subject matter, and to all matters that may modify, supplement, contradict, rebut or make clearer the facts testified to in chief by the witness on direct examination. It is much safer to resolve the doubts in favor of the cross-examiner than to risk excluding testimony that should be admitted. *State v. Wilcoxson*, 51 N.M. 501, 188

P.2d 611 (1948); *State v. Anaya*, 79 N.M. 43, 439 P.2d 561 (1968); *State v. Baca*, 80 N.M. 488, 458 P.2d 92 (Ct.App.1969).

The State's question was not improper or prejudicial. It was within the realm of permissible questions on cross-examination. The defendant could have answered the question "yes" or "no." His answer would have been "no" because he claimed an alibi. The State would then have the right to attack the credibility of the defendant and impeach his testimony. For the purpose of impeachment, evidence is not barred because it is hearsay. *Weiland v. Vigil*, 90 N.M. 148, 560 P.2d 939 (Ct.App.1977).

The propriety of a mistrial is to be determined by whether there was a manifest necessity for the mistrial order, or by whether the ends of public justice would be defeated by carrying this trial to its final verdict. *State v. Dunn*, 93 N.M. 239, 599 P.2d 392 (Ct.App.1979). A question asked on cross-examination of a witness cannot trespass on this rule of law. The question only calls for a ruling over objection as to whether the question was relevant or permissible. The trial court erred in declaring a mistrial. On this ground, defendant is subject to a third trial.

Defendant's motion for dismissal of the charges on grounds of double jeopardy was properly denied because it was not an issue in the case.

To allow double jeopardy as an issue in this appeal raises serious questions on whether defendant should be discharged. To discuss this issue would require an extensive discussion of the facts and application of the doctrine of double jeopardy. There is no doubt that the prosecutor sought "a more favorable opportunity to convict" defendant when the question was asked. The State concedes that the question was improper.

On September 29, 1979, in *State v. Quintana,* 93 N.M. 644, 603 P.2d 1101, Judge Wood said that "overreaching" which bars retrial requires bad faith conduct "which seeks for the prosecutor a more favorable opportunity to convict." In the first trial, there were constant references to defendant's sister as well as a wrongful accusation made by the prosecutor in closing arguments. In case No. 3608, the court said:

We view the closing remarks of the prosecutor together with some of the questionable questioning at trial, to have been made in bad faith.

A serious question arises whether the reference to defendant's sister in the second trial was made in good faith.

Furthermore, in the first trial, the prosecutor acted in bad faith. Did this fact preclude the initiation of the second trial irrespective of whether it was intended to provoke a mistrial? It would appear so, but this question was not raised in the first and second trials.

Reluctantly, I have decided not to answer these difficult double jeopardy problems. To me, the question asked on cross-examination was permissible. The trial court erred in granting a mistrial and defendant is subject to a third trial.

Defendant has been charged with a serious criminal offense. He must be tried until, absent reversible error, he is found guilty or not guilty.