386 P.2d 243

Ida G. SHELLEY, Administratrix of the Estate of Edwin Shelley, Deceased, Plaintiff-Appellee,

v.

Leola NORRIS, Formerly Leola Lewis, Defendant-Appellant.

No. 7294.

Supreme Court of New Mexico.

Oct. 28, 1963.

E. Forrest Sanders, William Bivins, Las Cruces, for appellant.

J. Wayne Woodbury, Silver City, for appellee.

NOBLE, Justice.

Defendant has appealed from a judgment ordering her to execute all necessary instruments to transfer to plaintiff a liquor license, found by the court to be held by her as trustee for plaintiff.

Edwin Shelley individually commenced the action, but died prior to trial of the cause. His widow and two children were substituted as plaintiffs after it was suggested that the Shelley estate had been closed and the administratrix discharged.

The pertinent facts found by the trial court are that Edwin Shelley and his wife leased "Cliff Tavern," located in Cliff, New Mexico, to Barlow and Witte, in 1945, by a written lease which was lost. Barlow and Witte transferred the lease and liquor license to Claude Lewis and Leola, his wife. Upon divorce of the Lewises and pursuant to the decree, Claude Lewis transferred his interest in the license to his wife, now Leola Norris, the defendant in this action. That transfer was approved by the Chief of Division of Liquor Control as was a subsequent transfer of location of the license.

The court found that the lease provided for reassignment of the liquor license to the lessors upon termination of the lease and that defendant, at all times material, knew of the requirement for reassignment of the license and agreed to be bound thereby. The lease terminated March 1, 1958. Defendant refused to transfer the license back to Edwin Shelley, and this action followed.

Defendant (appellant) has grouped her points 1, 2, 3, 4, 9 and 10 under a single argument, asserting error in denying a motion to dismiss the complaint (1) for lack of jurisdiction because of the absence of the Director of Division of Liquor Control, claimed to be an indispensable party, and (2) because the court lacks power to transfer a liquor license.

Defendant asserts that the Chief of Division of Liquor Control is an indispensable party to any proceeding seeking the issuance or transfer of a liquor license because § 46–5–16, N.M.S.A.1953, requires approval by the director to an effective transfer of a license.

Defendant appears to argue that since the transfer of the license to defendant and her subsequent change of location were approved by the director, this action is an attack upon the validity of a license issued or approved by the Division; amounts to a substitution of the court's judgment for that of the administrative officer charged by law with the duty; and, that the leasing of a liquor license involves a matter of public policy requiring passage thereon by the Chief of Division of Liquor Control. It is asserted that Burguete v. Del Curto, 49 N.M. 292, 163 P.2d 257; Swayze v. Bartlett, 58 N.M. 504, 273 P.2d 367; and American Trust and Savings Bank of, Albuquerque v. Scobee, 29 N.M. 436, 224 P. 788, require the presence of the Chief of Division as an indispensable party. We cannot agree. The instant action is not an attack upon the validity of any action by the Division, nor

is the judgment a substitution of the court's judgment for that of the administrative officer. The judgment of the trial court makes no determination whether plaintiffs are qualified to or may hold the liquor license, nor are we concerned with such questions on this appeal. The question here is only whether, under the contract of the parties, defendant's interest in the license terminated and whether the terms of the lease required a reassignment of the license to the lessors. That called for a judicial determination. The judgment appealed from determined no issue or right as between any party to this action and the state. It only determined a private right between individuals. As we view it, there is neither a question of public policy, Valley Country Club v. Mender, 64 N.M. 59, 323 P.2d 1099, nor does it require passage thereon by the director.

Furthermore, Mender held that a liquor license can be leased with a provision for reassignment upon termination of the lease, subject to approval of the Chief of the Liquor Division. This, it was there said:

" * * * in no way interferes with the exercise of the Division's statutory duties as we have only determined that appellant's interest has lapsed and that as between appellant and appellee, appellee has the better right to the license, but the Division is not hindered in revoking the license upon finding that appellee does not now meet the statutory requirements for holding a liquor license."

The judgment in the instant case, as in Mender, and paraphrasing the language of that case, only determines that defendant's interest in the license has expired and that as between defendant and plaintiffs, the plaintiffs have the better right to the license. Here, as in Mender, the Division of Liquor Control is not hindered in revoking or in denying approval to transfer, or issuance of a license to plaintiffs upon a finding by the Division that plaintiffs do not meet the statutory requirements for holding a liquor license. The director is not an indispensable party. Sproles v. McDonald, 70 N.M. 168, 372 P.2d 122.

█ We call attention to the fact that subsequent to the Mender decision, the leasing or subleasing of a retailer's or dispenser's license was prohibited by § 2, Ch. 270, Laws 1963 (§ 46–5–15.1, N.M.S.A.1953). The 1963 enactment, however, has a prospective effect, Board of Education of City of Las Vegas v. Boarman, 52 N.M. 382, 199 P.2d 998; Bradbury & Stamm Const. Co. v. Bureau of Revenue, 70 N.M. 226, 372 P.2d 808; Gray v. Armijo, 70 N.M. 245, 372 P.2d 821, and does not change the rule of Mender as applied to the facts of the instant case. We consider Mender controlling.

█ Defendant urges a reversal of the judgment upon the asserted ground

that Judith Louise Shelley, daughter of Edwin Shelley, deceased, is a minor and not eligible to hold a liquor license. Sec. 46–5–14, N.M.S.A.1953. There was neither a request for a finding on the subject nor was one made by the court. The mind of the trial court must be clearly alerted to a claimed non-jurisdictional error in order to preserve it for appeal. Questions not so presented to the trial court cannot be raised for the first time on appeal. Supreme Court Rule 20; Thomas v. Johns, 35 N.M. 240, 294 P. 327; Metzger v. Ellis, 65 N.M. 347, 337 P.2d 609; Terry v. Biswell, 66 N.M. 201, 345 P.2d 217. In our view, the issue was not presented below. In any event, since we have said that the judgment of the trial court does not determine whether plaintiffs or any of them are qualified to hold the license, any further disposition to be made of the license is not a question properly before this court on appeal.

 Some of the points relied upon challenge the sufficiency of the evidence to support facts found by the court. It has been long established by this court that the facts found by the trial court are those upon which the case rests upon appeal unless they are set aside as being without substantial support in the evidence. In re White's Estate, 41 N.M. 631, 73 P.2d 316; State ex rel. Magee v. Williams, 57 N.M. 588, 261 P.2d 131; Gore v. Cone, 60 N.M. 29, 287 P.2d 229; Templeton v. Pecos Valley Artesian Conserv. Dist., 65 N.M. 59, 332 P.2d 465; State ex rel. State Highway Comm. v. Tanny, 68 N.M. 117, 359 P.2d 350; Sanchez v. Garcia, 72 N.M. 406, 384 P.2d 681. A careful review of the record convinces us that the challenged findings have substantial support in the evidence. We will not disturb findings so supported, even though there may have been contrary evidence which would have supported a different finding or conclusion. Coseboom v. Marshall Trust, 67 N.M. 405, 356 P.2d 117.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.