416 P.2d 529

**ASSOCIATES LOAN COMPANY, (N.S.L.), Plaintiff-Appellant,**

v.

**Earl WALKER and Billie Walker, a/k/a Mrs. Earl Walker, his wife, Defendants-Appellees.**

**No. 7948.**

Supreme Court of New Mexico.

July 11, 1966.

Dolan & Clear, J. Stephen Gammill, Albuquerque, for appellant.

Dan B. Buzzard, Clovis, for appellees.

## OPINION

SPIESS, Judge, Court of Appeals.

The appellant, Associates Loan Company, brought suit against appellees, Earl Walker and his wife, Billie Walker, upon a written contract executed by them and involving the sale of a mechanical water softener. Appellant will be referred to as Associates, and appellees as Walkers.

Walkers were the owners of and operated a dairy farm in Roosevelt County. One, Daniel R. Partin, was engaged in the business of selling mechanical water softeners under the trade name of Lindsay Soft Water Company of Portales. On or about May 1, 1962, Partin solicited Walkers to purchase a water softener to be used by Walkers to improve the drinking water for their dairy herd. Partin represented to Walkers that through use of the device their milk production would be increased and the water softener could be paid for through such increased production.

Walkers were interested in purchasing the device if it, in fact, would increase their milk production. It was accordingly orally agreed that Partin would install a water softener at the Walker farm upon a trial basis. If, through use of the device, milk production was actually increased then Walkers would buy it. If the condition did not happen and the device did not serve to increase production as represented by Partin, the Walkers would not be obligated to buy the device and Partin would remove it from the farm.

At the time of, or subsequent to the making of the oral agreement, and at Partin's request, Walkers executed an instrument entitled "All Goods Retail Installment Contract", being the contract upon which suit was brought. The contract states that

Walkers purchased the water softener for a stated sum to which was added a finance charge. The total amount was to be paid in monthly installments commencing June 6, 1962.

The contract, in addition to containing usual remedies in the event of default, provided that title to the device would remain in the seller until the price was fully paid. Partin orally agreed that the contract would not be assigned or transferred. After Partin had obtained the execution of the instrument by Walkers he caused it to be assigned to Associates. The device was installed on the Walker farm and after trial it was determined by Walkers and Partin that it had not and would not increase milk production.

Walkers made no payments upon the contract which had been assigned to Associates. A number of payments, however, were made to Associates by Partin and by a Stirman Rivers, who acquired the Partin business and assumed payment of the particular contract held by Associates, which was treated by both Partin and Rivers as Partin's obligation. The water softener was ultimately removed by Rivers from the Walker farm.

The parties have treated the contract as a non-negotiable instrument and we have so considered it.

The defense, in substance, is that Partin and Walkers agreed that there would be no sale and the contract would not be effective unless after trial the water softener served to increase Walkers' milk production. This agreement was made orally at the time, or prior to the signing of the written contract. Walkers contend that the oral agreement created a condition precedent to the written contract becoming a valid obligation.

It is further asserted that since the condition failed the contract did not come into existence.

The trial court found the issues in favor of Walkers and entered judgment against Associates from which it has appealed.

It is first contended that the transaction falls within the Uniform Commercial Code, and in accordance with its provisions an assignee takes an assigned chose in action subject only to such equities and defenses between the debtor and assignee as are specified in Sec. 50A–9–318 (1), N.M.S.A., 1953. It is argued that the equities or defenses so specified do not include the type of defense interposed by Walkers. Therefore, the trial court was in error in permitting Walkers to raise the defense against Associates.

The cited section is as follows:

"(1) Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale as provided in section 9–206 [50A–9–206] the rights of an assignee are subject to

(a) all the terms of the contract between the account debtor and as-

signor and any defense or claim arising therefrom; and

(b) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment."

The contract involved here does not contain an agreement under which the account debtor, Walkers, have precluded themselves from asserting defenses arising out of the sale as against assignee. Consequently, this phase of the code is not involved. It is apparent that the section quoted makes no substantial change in the law as it existed prior to the adoption of the Uniform Commercial Code. See Anderson's Uniform Commercial Code, Vol. 2, page 602, and Secured Transactions under the Uniform Commercial Code, Coogan, Hogan and Vagts, Vol. 2, p. 1599.

■ The fundamental rule of law, unchanged by the quoted section of the Uniform Commercial Code, is that an assignee of a chose in action acquires by virtue of his assignment nothing more than the assignor had and all equities and defense which could have been raised by the debtor against the assignor are available to the debtor against the assignee.

■ This rule is so well recognized and settled that it needs no authoritative support. In our opinion, under both the statute and the rule of law, if the contract in Partin's hands was subject to a condition precedent under which it was not to become effective until the happening of a contingency, upon assignment the assignee took the contract subject to the same condition. The trial court correctly held that the defense raised by Walkers was available against the assignee, Associates.

Associates also invokes the parol evidence rule contending that under the rule the court should have disregarded the oral agreement between Walkers and Partin in that it contradicted and varied the terms of the written contract. Further, contention is made that Walkers are estopped to deny that the written contract represents a complete, exclusive and final agreement.

■ While both contentions may have merit, these questions were not urged in the trial court and thus such issues may not be raised for the first time on appeal. Supreme Court Rule 20, 21–2–1 (20). N.M. S.A., 1953; Metzger v. Ellis, 65 N.M. 347, 337 P.2d 609; Terry v. Biswell, 66 N.M. 201, 345 P.2d 217; Roseberry v. Phillips Petroleum Company, 70 N.M. 19, 369 P.2d 403; Shelley v. Norris, 73 N.M. 148, 386 P.2d 243.

We find no error in the judgment of the district court. It is, accordingly affirmed.

It is so ordered.

CHAVEZ, and NOBLE, JJ., concur.