431 P.2d 488

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Roy Edward TRIMBLE, Defendant-Appellant.**

**No. 8322.**

Supreme Court of New Mexico.

Sept. 1, 1967.

Mack Easley, Jerry N. Williams, Hobbs, for appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Judge, Court of Appeals.

The defendant, Roy Edward Trimble, was charged by information with the crime of robbery and after trial by jury was convicted and sentenced in accordance with the applicable statute. Thereafter, and while a prisoner of the New Mexico State Penitentiary, he filed a motion under Rule 93 (§ 21–1–1(93), N.M.S.A.1953) to vacate the judgment and sentence theretofore imposed. The motion having been denied by the trial court this appeal followed.

Defendant first contends that his conviction was wrongful for the reason that upon the hearing of a pre-trial motion filed by him to suppress certain evidence which he claimed was the product of an illegal arrest, he was denied the right of confrontation or a reasonable opportunity to be heard.

It appears to be conceded by the parties that the right of confrontation is applicable to a hearing upon a motion to suppress; without so deciding we shall consider the right as applying to such hearing.

There can be no question that every defendant has the right, subject to cer-

-tain exceptions not important here, to be confronted by the witnesses who testify against him and to cross-examine such witnesses.

█ One cannot, however, claim error in the absence of timely objection. See: Henderson Cotton Mills v. Local Union, No. 584, etc., 251 N.C. 419, 111 S.E.2d 526 (1959); United States v. Joseph, 333 F.2d 1012 (6th Cir. 1964).

At the outset of the pre-trial hearing to suppress, the following occurred:

"THE COURT: I have read the brief, a very fine brief, prepared by Mr. Rose (defendant's counsel) in connection with this matter. I have read the transcript of all of the testimony, of course. Is there any other testimony to be put on in support other than the transcript of the evidence?

"MR. ROSE: Yes, your honor, I believe it would be well if I interrogated the officers a little more. I assume I have the burden of going forward with the testimony on this motion."

The court then said: "Yes, but here is—let me tell you what my feeling is. I am of the opinion that the arrest was a lawful arrest * * *." The court then stated his reasons for the opinion he had expressed and further said: "If you want to put on any further testimony, I'll permit you to do it. * * *"

█ It is clear from the record that defendant made no objection to the consideration by the court of the evidence contained in transcript of proceedings. It likewise appears that defendant was in fact granted the right of confrontation had he elected to exercise it. There is likewise no showing that a reasonable right to be heard was denied the defendant. We note that the transcript of proceedings, although introduced in evidence in the hearing upon this motion, was not included in the record on appeal. We get the distinct impression from the court's language which we have quoted that the transcript of proceedings was submitted to the court for its consideration by the defendant in support of his motion.

█ We find nothing in the record to indicate that defendant's contention now being considered was ever called to the attention of the trial court at the hearing upon the motion which is the subject of this appeal. We have held that proceedings under Rule 93 are civil in nature. State v. Weddle, 77 N.M. 420, 423 P.2d 611 (1967).

Consequently, questions not urged in the trial court may not be raised for the first time on appeal. Rule 20 of Supreme Court Rules § 21-2-1(20), N.M.S.A.1953; Higgins v. Board of Directors of N. M. State Hospital, 73 N.M. 502, 389 P.2d 616 (1964); Shelley v. Norris, 73 N.M. 148, 386 P.2d 243 (1963); Associates Loan Company v. Walker, 76 N.M. 520, 416 P.2d 529 (1966).

Neither State v. Bailey, 62 N.M. 111, 305 P.2d 725 (1957), nor State v. James, 76 N.M. 376, 415 P.2d 350 (1966), cited by defendant, are controlling under the facts presented here.

Defendant's second point is as follows: "APPELLANT WAS PREJUDICED BY THE DENIAL OF CONFRONTATION AND A REASONABLE OPPORTUNITY TO BE HEARD ON THE QUESTION OF VALIDITY OF HIS ARREST."

This point is answered by our holding that defendant was not denied the right of confrontation nor a reasonable opportunity to be heard.

We have carefully considered the remaining matters urged by defendant and find them to be without merit.

The order denying the motion is affirmed.

It is so ordered.

NOBLE and CARMODY, JJ., concur.