432 P.2d 414

**Marvin J. SMITH, Plaintiff-Appellant,**

v.

**NINTH JUDICIAL DISTRICT, Defendant-Appellee.**

**No. 8280.**

Supreme Court of New Mexico.

Oct. 9, 1967.

Dan Buzzard, Clovis, for appellant.

Boston E. Witt, Atty. Gen., George Richard Schmitt, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

COMPTON, Justice.

This is an appeal from an order denying post conviction relief under Rule 93, § 21–1–1(93), N.M.S.A.1953.

Appellant and three codefendants entered pleas of guilty to the charge of armed robbery on October 5, 1964, and judgment imposing sentence therefor followed. Appellant first sought release by a writ of coram nobis which was denied January 27, 1966. He next sought relief by motion to vacate the judgment which was denied February 11, 1966. He then filed the present motion to vacate the judgment and sentence.

In his motion to vacate the judgment and sentence, the appellant asserted that his constitutional rights had been violated in that he had waived his preliminary hearing without the presence and aid of counsel; that he signed a statement without the presence of counsel; that while he had counsel when he entered a plea in the district court, he was not adequately represented; that he was questioned by the dis-

trict attorney before counsel was appointed for him; that two codefendants had been released by writs of habeas corpus.

At a hearing on his motion the court made the following pertinent findings:

"(1) That the Defendant herein knowingly and intelligently waived right of counsel in the Justice of the Peace Court, and right to Preliminary Hearing.

"(2) That the Defendant herein entered a plea of guilty in the District Court, while represented by counsel.

"(3) That the record herein does not reflect the Defendant gave any statement.

"(4) That there is no showing of prejudice upon the Defendant by any statement he might have given.

"(5) That the Defendant herein has failed in his burden of showing inadequacy of counsel; and the Court finds that Calvin R. Neumann, a member of this bar appointed to represented said Defendant, provided adequate counsel.

"(6) That the record does not reflect any questioning by the District Attorney before appointment of counsel.

\*   \*   \*   \*   \*   \*

"(9) That the Motion filed herein is a third Motion filed by this Defendant, and that said Motions are successive motions raising the same issues."

██ Our review of the record convinces us that each and all of the findings of fact are supported by substantial evidence. Furthermore, there is nothing in the present motion which was not adjudicated in the prior hearings.

██ Appellant asserts that the court committed fundamental error in appointing one counsel to represent the appellant and his three codefendants with conflicting interests, citing State v. Tapia, 75 N.M. 757, 411 P.2d 234. The record does not support his position. The evidence does not show any conflict of interest or that appellant was not represented by competent counsel. The burden of showing incompetency of counsel was on the appellant, State v. Hud-

man, 78 N.M. 370, 431 P.2d 748, recently decided, and this he has failed to do. Compare State v. Cisneros, 77 N.M. 361, 423 P.2d 45; State v. Blackwell, 76 N.M. 445, 415 P.2d 563; State v. Romero, 76 N.M. 449, 415 P.2d 837; Gantar v. Cox, 74 N.M. 526, 395 P.2d 354.

We conclude that there has been no deprivation of appellant's constitutional rights and that the trial court did not abuse its discretion in denying his motion. Rule 93(d), § 21–1–1(93) (d), N.M.S.A.1953.

The order should be affirmed, and it is so ordered.

NOBLE, J., and SPIESS, J., Court of Appeals, concur.