**UNITED STATES of America,
Plaintiff,**

v.

**Melvin Nathaniel BURLEY, Defendant.
Crim. A. No. 1808.**

United States District Court
D. Delaware.

Feb. 12, 1968.

L. Vincent Ramunno, Asst. U. S. Atty.,
Wilmington, Del., for plaintiff.

Daniel F. Kelleher, of Theisen & Lank,
Wilmington, Del., for defendant.

## OPINION

LAYTON, District Judge.

On October 24, 1967, defendant Burley was convicted by a jury of violating Title 26 U.S.C. § 5851 by having in his possession a firearm as defined by Title 26 U.S.C. § 5848(1),[1] which had not been registered as required by Title 26 U.S.C. § 5841. The defendant has moved for a judgment of acquittal or, in the alternative, for a new trial.[2]

There are two grounds urged in support of this motion: (1) the Court erred in admitting the oral statement of the defendant allegedly taken in violation of his Constitutional rights as defined in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and (2) the verdict was against the weight of the evidence.

Because the question of admissibility of the defendant's oral statement permeates both the prayer for a judgment of acquittal and that for a new trial, it will be considered first. The defendant contends that his Constitutional rights were infringed when his oral statement was admitted into evidence

---

1. Among the firearms described by the section is a sawed-off shotgun.

2. These motions precede by several months the recent decision of the United States Supreme Court in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). The defendant does not urge, at this time, that the Haynes case has any bearing on the instant motion. This Court expressly refrains from voicing any view on this point.

over his objection. The basis of the objection was, and the ground of this motion is, that after the Special Agents explained his rights to him, the defendant stated that he did not wish to make a statement. Despite this entreaty, the defendant alleges that the Agents proceeded to talk with him and to elicit a statement in contravention of the Supreme Court's injunction in Miranda that the questioning must stop whenever the defendant indicates that that is his desire.

The statement in question was the subject of a motion to suppress, upon which a full hearing was held. In two unreported opinions, this Court denied the motion.[3] The motion was renewed again at trial when Agent Nelson was asked to repeat Burley's oral statement. The jury was dismissed and the Court heard evidence bearing on the taking of the defendant's statement. From the testimony the Court concluded that Agents Nelson and Naylor fully advised the defendant of his rights; that the defendant acknowledged that he understood the warning; and that only then did the Agents proceed to interrogate the defendant. The interrogation commenced with the Agents' request for a statement,[4] to which the defendant replied that he would not give them a written statement or sign one, but that he would answer questions put to him orally, which he then proceeded to do giving an apparently exculpatory version of what had happened.

Agent Naylor testified at a later point in the trial and his testimony fully verified that of Agent Nelson. The defendant's own testimony essentially confirmed that given by the Agents; though the defendant's account stresses that he said

that he did not want to make "a statement or sign one", which he suggests meant that he did not want to talk to the Agents at all. After observing the defendant testify and listening closely to his testimony, this Court was convinced that the omission of the word "written" from the defendant's version of what occurred was more a product of wishful thinking than of accurate recollection.

Before the jury was returned, the Court ruled that the statement was voluntarily given. The jury then was recalled and the evidence on the question of voluntariness was again recited.[5] At the conclusion of the trial, the jury was charged appropriately on the question of voluntariness. A guilty verdict was returned.

After reflecting anew on the defendant's claim that the oral statement was not a voluntary one, this Court is still of the opinion that the claim is without merit. The defendant's objections to the admissibility of the oral statement were properly overruled.

 As to the second point, that the verdict was against the weight of the evidence, little need be said. In his statement, the one just considered, Burley related that he, with one Carl Ross, picked up a sawed-off shotgun, shotgun shells and a bundle of clothing[6] in an alley and then placed the gun and the other material in the car which they were using. At the trial, Burley selectively repudiated those portions of the statement which were incriminating. The jury, of course, was free to believe the entire statement, nevertheless. The weapon was found under the front seat of the automobile, which Burley was driving when arrested, easily within the reach of someone sitting in the driver's

3. See unreported opinions dated July 25, 1967, and August 2, 1967.

4. There was some confusion at the trial, though not at the time of the hearing, as to whether Burley stated that he did not want to make a written statement at the first or at the end of the interrogation. For the purposes of this motion, this Court assumes that the statement

was made at the first as the defendant urges.

5. The procedure followed was that approved in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

6. Suspiciously, the bundle contained a ski mask, a trench coat, and a pair of men's tennis shoes.

seat. Four shotgun shells, which fit the shotgun, were found in Burley's pocket when he was searched at the scene of the arrest.[7] From this evidence, the jury could have properly concluded that Burley was in possession of the shotgun. The other elements of the offense, that the weapon was one which was required to be registered and which was not in fact registered, were sufficiently established to allow the jury to conclude that the defendant had violated Title 26 U.S.C. § 5851, as charged.

There is no merit to either of the grounds urged in support of the motion. The motion for a judgment of acquittal or, in the alternative, for a new trial is denied.

Submit order.

---

7. The car which Burley and Ross were using had been reported as stolen by its owner and it was for this reason that the car was stopped and the defendant arrested.