442 P.2d 599

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**George VIGIL, Defendant-Appellant.**

**No. 156.**

Court of Appeals of New Mexico.

May 31, 1968.

Norman E. Runyan, Tucumcari, for appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

ARMIJO, Judge.

Appellant was informed against as having committed an assault with a deadly weapon and upon his plea of guilty, he was sentenced to the penitentiary for a term of years as prescribed by law. He appeals from the judgment and sentence and claims the following as grounds for reversal:

"THE DISTRICT COURT INCORRECTLY ADVISED THE DEFENDANT OF THE APPLICABLE LAW THEREBY DEPRIVING THIS PARTICULAR DEFENDANT OF ADVICE OF COUNSEL; HENCE, DEFENDANT'S PLEA OF GUILTY WAS INVOLUNTARY."

We are cited no authority for this contention.

Steve Adams was the victim of knife wounds inflicted during an attack on him by four boys. Because of age, two of the assailants were tried in juvenile court and two others were tried as adults and were

288

convicted in trial by jury. Later, one of those convicted was discharged following appellant's confession inculpating himself as one of the parties to the crime. Appellant waived preliminary hearing after declining the court's offer to furnish counsel. . Upon filing of the information, the court assigned counsel to represent appellant.

Appellant's plea of guilty was accepted by the court with the intimation this action was not irrevocable and deferred sentence for several days to permit appellant to reconsider his plea if he so desired.

Prior to accepting the plea, the court conducted extensive inquiry to determine if it was voluntarily made. The consequences of the plea were explained and the court otherwise made an exhaustive investigation into matters related to the incident giving rise to the charge, including the taking of the sworn testimony of the two juveniles who were participants in the crime. The court's inquiry disclosed that one of the juveniles held the knife during the assault. The court explained to appellant the consequences of being an aider and abettor; that one who aids and abets is equally guilty with the principal. These inquiries and explanations, conducted after the guilty plea had been made and accepted, are the basis for appellant's claim of error.

Appellant claims that the court's advice concerning aider and abettor was incorrect and that this had the effect of depriving him of advice of counsel. We disagree with this contention. Were we to assume the court's explanation of the law of aider and abettor was incorrect, the conclusion we reach would be the same. We fail to see how the explanation by the court deprived defendant of the advice of his attorney. We are not told in what respect the court's advice differs from that of counsel. We can only assume it does not, since appellant and his counsel were present at arraignment as well as at all hearings subsequent thereto and at no time was an objection registered. From the record we find nothing to indicate appellant intended to plead other than guilty.

■ It is fundamental, that before a plea of guilty can be accepted, it must be voluntarily made, otherwise it is void. State v. Tipton, 78 N.M. 600, 435 P.2d 430 (1967) and State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967).

■ Also, it is the settled rule that a plea of guilty voluntarily made and after opportunity to consult with counsel and with full understanding of the consequences, is binding. State v. Tipton, supra; State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967).

As we have noted, the plea was made following appellant's consultation with his attorney. At time of arraignment, a few hours were lacking in order to complete the twenty-four hour period allowed by statute after service of the information. To the court inquiry, appellant's counsel replied:

"MR. RUNYAN: We will waive that time. It may lack a few hours, but we will waive it.

\* \* \* \* \* \*

"MR. RUNYAN: We have had enough time to investigate and make sure we felt this was the right way to do it, so we will waive the remaining time."

Also, during arraignment the court asked:

"THE COURT: Mr. Runyan, have you consulted with the defendant concerning the charge?"

to which he replied:

"Yes, I have, your Honor."

and then the court inquired of the appellant:

"THE COURT: And you discussed these facts very thoroughly with Mr. Runyan?

"THE DEFENDANT: Yes.

"THE COURT: And it concerns the assault on Steve Adams, who, I understand, was a tourist here last July. You understand that that's the charge?

"THE DEFENDANT: Yes, sir."

It was following this colloquy that the court accepted the plea of guilty and it was subsequent thereto that matters relating to aider and abettor were discussed by the court.

Immediately before pronouncing sentence the court asked appellant:

"* * * Do you still say that you are guilty of assaulting Steve Adams with a deadly weapon?"

to which the defendant replied:

"Yes."

When the plea was made, it was definite, unconditional and free from qualification.

Having concluded that the plea of guilty was voluntarily and understandingly made, we hold that nothing which was later said by the court rendered this plea involuntary.

Finding no error, the judgment is affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.