449 P.2d 334

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ronnie GUTIERREZ, Defendant-Appellant.**

**No. 165.**

Court of Appeals of New Mexico.

Nov. 27, 1968.

Rehearing Denied Dec. 27, 1968.

Certiorari Denied Jan. 21, 1969.

Charles G. Berry, McAtee, Marchiondo & Michael, Albuquerque, for defendant-appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

ARMIJO, Judge.

Appellant Ronnie Gutierrez was tried and convicted of the crime of aggravated assault.

The undisputed facts are that a family passing through Tucumcari stopped overnight and while taking an evening stroll fell victims of an unprovoked attack by four assailants. One received several wounds of the type normally inflicted by a knife. Appellant and his brother Dickie were informed against, tried jointly and were convicted. They were represented by the same court appointed attorney. Following conviction, George Vigil inculpated himself as being one of the participants in the assault and this resulted in vacating of the judgment against Dickie. See State v. Vigil, 79 N.M. 287, 442 P.2d 599 (Ct.App.1968).

Appellant employed counsel for the purpose of this appeal.

Numerous points are advanced as grounds for relief from judgment and sentence imposed following conviction. These may be grouped into:

a. lack of effective assistance of counsel at trial,

b. a confession or admission allegedly made by the defendant should not have been received in evidence,

c. the giving of certain erroneous instructions and failure of the trial court to give others,

d. the erroneous receipt in evidence of testimony concerning another offense, and

e. conflict of interest resulting from failure to appoint independent counsel to represent each defendant.

All claims of error have received careful attention and are found to be lacking in merit.

 At the outset our attention is called to facts and circumstances resulting in conviction of appellant's brother, his subsequent exoneration by the confession of another, and that because identification of appellant's brother was erroneous that fact alone indicates denial of a fair trial.

This argument is directed to the substantiality of the evidence. Support is found in the record for a finding that appellant was implicated in the commission of the offense based on evidence independent of that which related to his brother. An example of this may be noted from testimony of an officer who identified appellant and his brother as being present at a given place and thereafter arrested appellant after giving chase, whereas the brother, who had interposed a defense of alibi, was arrested at a different time and place. We indulge all permissible inferences in favor of the verdict of conviction. State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (1967).

The assertion is made that fundamental error was committed because of gross mismanagement of the case by defense counsel or because of his incompetence and that this manifested itself from the matters pointed out to us and hereafter related.

 We note that effective assistance of counsel was denied appellant only if the trial considered as a whole was a mockery of justice, a sham or farce. State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State

v. Moser, 78 N.M. 212, 430 P.2d 106 (1967). We have reviewed the transcript of the trial court's proceedings with this rule in mind and conclude that appellant was not denied effective assistance of counsel.

The claim is made that counsel was ineffective during the course of trial because he registered only six objections, this in view of numerous leading questions asked by the state. Appellant fails to make reference in the transcript to a single leading question. Section 21–2–1(15) (6), N.M.S.A. 1953 specifies:

"Assertion of fact must be accompanied by reference to the transcript showing a finding or proof of it. Otherwise the court may disregard the fact."

This court will not search the record to find these questions. State v. Weber, 76 N.M. 636, 417 P.2d 444 (1966).

The quality of effective counsel cannot be measured by the number of objections which he interposes on behalf of his client especially where there is failure to point out what relation this has to claimed prejudice to the client.

Appellant complains his attorney failed to require the transcript of the preliminary proceedings to be made a part of the record. We are not told how this prejudiced appellant or how it would have aided in his defense. This transcript was not requested on appeal and is not part of the records before us, therefore we cannot determine its relevance. State v. Brinkley, 78 N.M. 39, 428 P.2d 13 (1967).

Appellant's shoes, with fresh blood stains on the toe of one of them, were removed from him shortly after the crime was committed and were introduced and received into evidence. Appellant claims his attorney failed to object. No suggestion is made why objection should have been registered. The records disclose that the proper foundation was laid preliminary to receiving these shoes in evidence. No objection was required. Evidence which is offered to prove an issue in a case and which sheds light on that issue, is material and should be admitted. State v. Silva, 78 N.M. 286, 430 P.2d 783 (Ct.App. 1967).

Appellant complains that his counsel failed to move to dismiss at the close of the state's case or move at the close of trial for an instructed verdict. Under the record such motions would have availed him nothing since there was sufficient evidence in the record to warrant the trial court's denial of such motions had they been made. See Stevens v. Warden, Maryland Penitentiary, 238 F.Supp. 334 (D.Md.1965) aff'd, 382 F.2d 429 (4th Cir. 1967); Fowler v. State, 237 Md. 508, 206 A.2d 802 (1965).

The grounds which appellant relies upon for support of his claim of prejudice because of ineffective assistance of counsel, considered collectively, do not support his contention. At most, they amount to mere criticism of the attorney's conduct of the defense. Gilpin v. United States, 252 F.2d 685 (6th Cir. 1958).

Error is next claimed challenging the admissibility of appellant's confession because it was not voluntarily given and because appellant was not afforded a full and complete hearing on the issue of voluntariness.

After his arrest, appellant was advised of his rights under the rule announced in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3rd 974 (1966).

Following this admonition, appellant said nothing beyond acknowledging he understood his rights and that he would not give a written statement. The district attorney continued to talk to him for "two or three minutes" following which appellant made certain statements implicating himself.

Appellant argues his silence during this brief period did not amount to a waiver and quotes the following from Miranda v. Arizona, supra:

"* * * But a valid waiver will not be presumed simply from the silence of the accused after warnings are given or

simply from the fact that a confession was in fact eventually obtained."

Although appellant did not say he would give an oral statement his declaration that he would not give a written statement coupled with his subsequent oral remarks supports a finding of voluntariness. See United States v. Burley, 280 F.Supp. 672 (D.Del. 1968). These circumstances, we think resulted in a voluntary waiver of the right to remain silent. Silence at a time prior to that when the statement was made will not invalidate this testimony.

In State v. Godfrey, 182 Neb. 451, 155 N.W.2d 438 (1968) defendant said he did not wish to make a statement, after which interrogation ceased. Later, a statement was given and the court in supporting a valid waiver there said:

"* * * However, an otherwise valid voluntary waiver of both the right to counsel and the right to remain silent, knowingly and intelligently made, followed by a statement, should not be transformed into invalidity merely because of silence at some prior time. One refusal to make a statement, when that refusal is fully honored, ought not to taint the substance of the entire subsequent procedures under the circumstances here."

Mention is made in appellant's brief of the fact the district attorney was not called as a witness. We are not told how this would have benefited appellant or how it prejudiced him. The assertion is found to be without merit.

 Under his point challenging the admissibility of the confession appellant claims he was denied a complete hearing on voir dire. Appellant was not called upon to testify. He claims that had he been permitted to testify his testimony would have shown that the incident referred to in the confession related to another encounter and not to the aggravated assault for which he was being tried. Although there was reference to another breach of the peace involving appellant, the case for which appellant was being tried was the only one

where reference was made to the use of a knife. The officer before whom the admissions were made testified appellant volunteered the information which made reference to a knife. Under these circumstances the issue could not be resolved as a matter of law but was one to be submitted to the jury. After the trial court determined that the confession was voluntary the issue was then submitted to the jury. The inquiry by the court in the absence of the jury was regular notwithstanding appellant was not called upon to testify on voir dire. cf. State v. Soliz, 79 N.M. 263, 442 P.2d 575 (1968). As was said in State v. Fagan, 78 N.M. 618, 435 P.2d 771 (Ct.App.1967):

"The procedures followed by the court in conducting the hearing in the absence of the jury, preliminary to a determination by the court of the voluntariness of the confessions and their admissibility as evidence, and the subsequent submission of the question to the jury were proper. State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); Pece v. Cox, 74 N.M. 591, 396 P.2d 422 (1964); State v. Armijo, 64 N.M. 431, 329 P.2d 785 (1958)."

 Appellant's next contention, concerning the giving of erroneous instructions and failure to otherwise correctly instruct the jury, is also related to claimed error because of lack of effective assistance of counsel.

We have earlier announced our view that appellant was properly represented by counsel at trial. Adequate representation cannot be based on the mere fact objection should or should not have been made to certain instructions. See People v. Allison, 245 Cal.App.2d 568, 54 Cal.Rptr. 148 (1966); State v. Russell, 272 Minn. 463, 138 N.W.2d 690 (1965); Stice v. State, 228 Ind. 144, 89 N.E.2d 915 (1950).

The court on its own motion prepared and submitted the proposed instructions to counsel for both sides. No instructions were tendered by either of the parties and the only objection registered was on behalf of defendants concerning an instruction which needed clarification. This ob-

jection was noted and the correction was made.

Section 21–1–1(51) (2) (h), N.M.S.A. 1953 (Supp. 1967) requires:

"For the preservation of error in the charge, objection to any instruction given must be sufficient to alert the mind of the court to the claimed vice therein, or, in case of failure to instruct on any issue, a correct written instruction must be tendered before the jury is instructed."

Because no instructions were tendered by appellant those points relied upon for reversal for failure to instruct are not properly preserved for review. State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966). For like reason we hold error was not preserved because of failure to alert the mind of the court to the claimed vice.

Appellant next claims that error was committed when the state introduced testimony of an assault committed by appellant earlier the same day. One of the issues which the state had the burden of establishing was the identity of the accused as one of the four persons who perpetrated the offense.

Admittedly, reference to other offenses during the course of trial is error, unless such evidence is received for one of the purposes recognized as exceptions to the general rule.

One of the exceptions recognizing the admissibility of evidence of other crimes is that which serves to establish the identity of the person charged and who is on trial. State v. Lord, 42 N.M. 638, 84 P.2d 80 (1938); State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1 (1936). The testimony of the former assault assisted in establishing identity of appellant as a member of a group. The matter of identity was of crucial importance because alibi was injected as a defense. See State v. Billstrom, 276 Minn. 174, 149 N.W.2d 281 (1967). Additionally, no objection was made to the testimony pertaining to the previous criminal offense, hence the error was not preserved for review. See State v. Lord, supra; State v. Trimble, 78 N.M. 346, 431

P.2d 488 (1967); State v. Massey, 32 N.M. 500, 258 P. 1009 (1927).

Finally, appellant claims prejudice arising from the failure of the trial court to assign separate counsel for him. He relies on State v. Tapia, 75 N.M. 757, 411 P.2d 234 (1966). We find this argument lacking in merit because no conflict of interest is shown to exist between appellant and his co-defendant. Smith v. Ninth Judicial District, 78 N.M. 449, 432 P.2d 414 (1967).

In State v. Tapia, supra, Tapia's conviction was based principally on statements made by his co-defendant, whereas in this case appellant was the one who made the incriminating statements.

Both defendants interposed defense of alibi but each relied on different facts and circumstances. While their interests were different, they were not conflicting. State v. Tapia, supra.

Finding no error, the judgment is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.