461 P.2d 932

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Nestor Augustine CHACON, Defendant-Appellant.**

**No. 355.**

Court of Appeals of New Mexico.

Nov. 7, 1969.

# 800

Ben T. Traub, Robert C. Hanna, Hanna, Mercer & Carpenter, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, James C. Compton, Jr., Asst. Atty. Gen., for appellee.

## OPINION

HENDLEY, Judge.

Defendant appeals his conviction of receiving and concealing stolen property. Section 40A–16–11, N.M.S.A.1953 (Repl. Vol. 6). He relies on two points for reversal.

For the reasons hereinafter given we affirm.

1. *Defendant's first point is that his "conviction was tainted by the offer, introduction and subsequent jury consideration of improper evidence."*

Defendant first contends that the district attorney's questioning as to his prior record was inadmissible. On direct examination defendant denied that he was ever convicted of a crime. On cross-examination he was asked if he had been convicted of shoplifting in 1958. Defendant denied a shoplifting conviction but admitted to a vagrancy conviction in 1938. The prosecutor then said, "So if I showed you a record from the Federal Bureau of Investigation * * *", at which point the trial court interrupted and cut off further questions.

Since on direct examination defendant denied having a prior conviction, it is proper to subject a defendant to cross-examination on matters which might limit, modify, supplement, contradict, rebut, or make clearer his testimony. State v. Baca, 80 N.M. 488, 458 P.2d 92 (Ct.App.1969). Defendant claims the question concerning shoplifting and the reference to a record of the FBI gave the jury the false impression defendant must have been convicted of shoplifting. This is mere conjecture and even if true, it was not preserved because it was not brought to the attention of the trial court. Not having been preserved, it will not be heard on appeal. State v. Miller, 79 N.M. 117, 440 P. 2d 792 (1968). Nor do we see any cause to invoke the exception of the "fundamental error" doctrine. A reviewing court will exercise its discretion of "fundamental error" very guardedly, and only when some fundamental right has been invaded, but never in aid of strictly legal, technical, or unsubstantial claims. State v. Heisler, 58 N.M. 446, 272 P.2d 660 (1954).

Defendant next objects to the introduction of a photocopy of a bill of sale for an electric typewriter sold by defendant to a witness. At trial the prosecutor stated that the original had been lost. No one denied that there was a bill of sale given by the defendant and signed "Joe Garcia." Counsel for defendant speculates, however, that the original might have been signed "Joe Garcia by Nestor Chacon." But the purchaser testified that the copy was a facsimile of the lost original. Defendant himself could not remember whether he wrote "Joe Garcia by Nestor Chacon" on the original. We do not see how the admission of the copy, even if it were error, could be prejudicial to the defendant.

Finally, in his first point defendant objects to the admission of "incriminating statements allegedly made to investigating officers by defendant."

The police had seized some property from another person. Defendant's statements concerned his records pertaining to this property. On appeal, defendant complains there was no proper determination that his statements were voluntary and that he had not been properly warned of his constitutional rights so could not have waived them. Assuming that defendant's statements were incriminating, the record establishes that defendant made the statements in his own place of business at a time when he was not under arrest. The record does not show that he was deprived of his freedom of action in any way. See Orozco v. Texas, 394 U.S. 459, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969). After the testimony as to voluntariness was received, defendant withdrew his objection to the admissibility of the statements. Here defendant complains of the procedure followed by the trial court in determining that the statements were voluntary but no such issue was presented to the trial court. Compare State v. Miller, 79 N.M. 117, 440 P.2d 792 (1968). If under the circumstances of this case defendant was entitled to a warning concerning his rights, the trial court determined that the warning was given on the basis of conflicting evidence. There being evidence that a proper warning was given, we accept that determination. See State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); compare State v. Sneed, 76 N.M. 349, 414 P.2d 858 (1966).

2. *Defendant's second point is that his "conviction is tainted by the lack of effective assistance of counsel."*

The first allegation in support of this point is that "all evidence was at variance with the indictment but this point was not raised in the trial court." Such variance is not ground for acquittal and a court may, at any time, cause the indictment to be amended. Section 41–6–37(2), N.M.S.A.1953 (Repl. Vol. 6). Trial counsel might have seen a motion or objection in that regard a futile delay. We cannot second guess the reason for trial counsel not objecting to the variance; nor can we see how such variance could be prejudicial to the defendant. A failure to object certainly does not establish ineffective counsel. State v. Gutierrez, 79 N.M. 732, 449 P.2d 334 (Ct.App.1968).

The second claim going to ineffective assistance of counsel is that "the conduct of defense counsel during the trial failed to adequately preserve defendant's rights and in fact at times intimated that defense counsel had reason to suspect that defendant was guilty." Counsel on appeal would have us look to defense counsel's alleged "lack of enthusiasm" and his trial tactics and then with the benefit of hindsight speculate on what he could have done. At best appellate counsel's references to defense counsel's conduct amounted to a criticism of strategy. But ineffectiveness of counsel is not established just because a case is lost. State v. Apodaca, 78 N.M. 412, 432 P.2d 256 (1967). Neither is it established when there is a showing of improvident strategy, bad tactics, mistake, carelessness, or inexperience on the part of counsel. State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967); State v. Baca, supra.

An appellate court is responsible to see that a person accused of a crime shall have a fair trial with a proper defense. Our obligation on review, however, is to affirm a conviction unless the record reveals a very real possibility of a miscarriage of justice. State v. Gomez, 75 N.M. 545, 408 P.2d 48 (1965). Unless there is affirmative evidence that the trial was a sham, a farce, or a mockery we cannot say that defendant had ineffective counsel. State v. Gutierrez, supra.

Affirmed.

SPIESS, C. J., and WOOD, J., concur.