IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                                          NO. 29,173

ARNOLD CLINE,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
Jane Shuler Gray, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant appeals his conviction for possession of a controlled substance. We proposed to affirm in a calendar notice, and Defendant has responded with a memorandum in opposition. We are not persuaded by Defendant's arguments, and we therefore affirm.

Police went to a residence to question Defendant about a matter unrelated to the

charge in this case. After Defendant was read his Miranda rights, he told Officer Edmonson that he had paraphernalia on his person that contained drug residue. Defendant handed the paraphernalia to the officer who handed it straight to Officer McGee. [DS 3] Officer Edmonson testified that Defendant stated that he had syringes "and stuff" in the residence and that Defendant took the officers into the residence and pointed out the items. [DS 4] Officer Caudill testified that Defendant took him to his room and pointed out some items of drug paraphernalia. Officer Caudill seized two loaded syringes from under the bed. [DS 5] All of the items that were seized were given to Officer McGee. [DS 5] Officer Sanchez testified about chain of custody of the items seized. [DS 6]

The district court admitted into evidence State's Exhibits 1, 2, 5, and 6. Exhibit 1 was a cigar box in which the two syringes were found; Exhibti 2 was the syringes taken from the room; Exhibit 5 was the crime laboratory report; and Exhibit 6 was the container with residue taken from Defendant at the beginning of the encounter. According to Defendant the container with residue was never tested by the crime laboratory. Defendant did not object to the admission of Exhibits 2 and 5. All of the exhibits were admitted into evidence.

**Admission of State's Exhibits**

2

Defendant continues to claim that the district court erred in admitting the State's exhibits into evidence. Defendant contends that Exhibit 1 was objected to based on foundation, but should have been objected to based on prejudice; and Exhibit 6 should have been objected to based on relevance and lack of probative value, but that it is not clear what objection was made at trial. [MIO 2] Defendant claims that the failure to object to admission of Exhibits 2 and 5, and any defect in the objections to Exhibits 1 and 6 should be taken into consideration when reviewing his ineffective assistance of counsel claim.

As noted in our calendar notice, we do not consider arguments that were not raised in the district court, except when those arguments involve matters of jurisdictional or fundamental error. *See In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431. Defendant did not object to the admission of Exhibits 2 and 5, and it appears that Defendant did not object to the admission of Exhibit 6. Therefore, Defendant's arguments were not preserved for appeal. Moreover, as discussed in our notice, even if Defendant made an objection to Exhibit 6 based on relevance and/or lack of probative value, the fact that Defendant admitted that he possessed a container used for methamphetamine that now contained residue establishes that admission of Exhibit 6 was proper in that it was relevant and probative to the charge of possession of a controlled substance. Also, the testimony establishing

chain of custody of the seized items supports the district court's decision to overrule Defendant's objection to the admission of Exhibit 1.

**Jury Instruction**

In our calendar notice, we discussed the jury instruction on constructive possession in connection with Defendant's argument that the jury instruction confused or misdirected the jury. We noted that constructive possession exists when a defendant has knowledge of drugs and exercises control over the drugs. *See State v. Phillips*, 2000-NMCA-028, ¶ 8, 128 N.M. 777, 999 P.2d 421. We proposed to hold that, in this case, Defendant had the requisite knowledge based on the evidence showing that Defendant admitted that he possessed the container with drug residue, pointed out syringes and other drug paraphernalia located in a room in the residence, and admitted that it was his bedroom. [RP 7] Therefore, even if Defendant did not have exclusive control over the bedroom, based on this additional evidence, an inference could be made that Defendant had constructive possession over the drugs and paraphernalia. *Id.*

In response, Defendant argues that he tendered his own instruction and objected to the denial of his tendered instruction. [MIO 7] Therefore, the district court was alerted to Defendant's argument with regard to the instruction given to the jury. We agree that Defendant preserved his argument. However, as discussed in our calendar

4

notice, based on the instruction that was given and the evidence presented at trial, there is no support for Defendant's argument that the instruction confused or misdirected the jury.

**Ineffective Assistance of Counsel**

Defendant again claims that his counsel was ineffective for failing to object to the admission of Exhibits 2 and 5, for failing to properly object to Exhibits 1 and 6, and for failing to argue that his confession was inadmissible. [MIO 8-9] Defendant contends that defense counsel's failures cannot be categorized as tactics and strategy and that defense counsel's actions resulted in a miscarriage of justice and amounted to plain error.

In support of his arguments, Defendant cites to a number of cases, including *State v. Chacon*, 80 N.M. 799, 461 P.2d 932 (Ct. App. 1969). In *Chacon*, this Court stated that we cannot look at counsel's trial tactics "with the benefit of hindsight" in order to determine how counsel might have acted. *Id.* at 801, 461 P.2d at 934. We held that a claim of ineffective assistance of counsel cannot be found based on the mere fact that a defendant was not successful at trial; or based on a showing of bad tactics or strategy, carelessness, or counsel's mistakes or inexperience. *Id.* On appeal, we must affirm unless there is affirmative evidence establishing that there was a miscarriage of justice, in that the trial was "a sham, a farce, or a mockery." *Id.* A

failure to make an objection is a matter of trial tactics and does not establish ineffective assistance of counsel. *See State v. Rodriguez*, 107 N.M. 611, 615-16, 762 P.2d 898, 902-03 (Ct. App. 1988). Furthermore, the evidence established that Defendant admitted that he possessed a container with drug residue and that he pointed out other illegal items in a room that he admitted was his room. Therefore, to the extent that defense counsel failed to object to the admission of Defendant's "confession," counsel is not ineffective for failing to make an objection that is not supported by the record. *See State v. Chandler*, 119 N.M. 727, 735, 895 P.2d 249, 257 (Ct. App. 1995). Finally, the rule regarding plain error "applies only if the alleged error affected the substantial rights of the accused." *State v. Contreras*, 120 N.M. 486, 492, 903 P.2d 228, 234 (1995), *limited on other grounds as recognized by State v. Rackley*, 2000-NMCA-027, ¶ 25, 128 N.M. 761, 998 P.2d 1212. Because the evidence presented at trial showed that the syringes, the box they were contained in, and the container with drug residue were offered by Defendant to police, and because there was evidence presented in support of the admission of the laboratory report, the failure to object to the admission of those items did not amount to plain error.

**Sufficiency of Evidence to Support the Conviction**

Defendant claims that his mere presence in the vicinity was not sufficient to show that he possessed a controlled substance. However, Defendant admitted that he

had a container used for holding methamphetamine and that there was residue in the container. Defendant also pointed out illegal items, including syringes containing a controlled substance, in a room that he claimed was his room. This was sufficient to show that Defendant possessed a controlled substance and to show that the conviction was not based on Defendant's mere presence in the vicinity. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict.").

Defendant continues to claim that his confessions or admissions were the only link between him and the controlled substances found in the residence. Defendant argues that the corpus delicti of the possession offense cannot be based solely on confessions or admissions. Contrary to Defendant's claim, his admissions and/or confessions were not the sole basis for the possession conviction. Not only did Defendant admit that he had a container with drug residue on his person, he also produced that container for the officers. In addition, Defendant pointed to locations in the room where controlled substances or paraphernalia could be found, and based on the assistance from Defendant, officers were able to find controlled substances and paraphernalia in that room. Based on all of the evidence presented at trial, viewing

6

the evidence in the light most favorable to the verdict, indulging all inferences in favor of the verdict, and resolving all conflicts in favor of the verdict, there was sufficient evidence to support Defendant's conviction for possession of a controlled substance.

**Fundamental and Cumulative Error**

Defendant claims that the cumulative impact of errors at trial was so prejudicial that he was deprived of a fair trial. Defendant further claims that the cumulative error resulted in fundamental error. Defendant bases his cumulative-error argument on counsel's failure to object to evidence. As we have discussed, counsel's decision to not object to the admission of certain evidence did not amount to error, and we find no other error in the district court proceedings. *See State v. Trujillo*, 2002-NMSC-005, ¶ 63, 131 N.M. 709, 42 P.3d 814 (stating that the cumulative error doctrine is strictly applied and may not be successfully invoked if the record as a whole demonstrates that the defendant received a fair trial).

Defendant also claims that the question of his guilt is so doubtful that it would shock the conscience to allow the conviction to stand, or it amounts to a miscarriage of justice. As we have discussed, there was sufficient evidence to support Defendant's conviction and we find no error in the proceedings below. The doctrine of fundamental error does not apply in this case.

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**ROBERT E. ROBLES, Judge**


_____
**TIMOTHY L. GARCIA, Judge**

8